## RUTH CASS *versus* SAMUEL MARTIN.

A widow may be entitled to dower in a right in equity to redeem lands mortgaged.

But she can maintain no writ of dower against any person, who, having the right to redeem, has actually redeemed the land, until she has contributed her due portion of the mortgage debt, according to the value of her life estate.

THIS was a writ of dower, and was tried here, at November term, 1831, and a verdict taken, by consent, for the tenant, subject to the opinion of the court, upon the following case.

E. Webster, being owner of the premises, in which the said Ruth now claims her dower, on the 12th November, 1820, conveyed the same to B. Cass, then the husband of the demandant, in fee; and, at the same time, the said Cass reconveyed the same premises to Webster, in fee and in mortgage. Cass immediately entered and continued to reside upon the premises until April, 1823, when he died.

On the 3d June, 1823, Samuel Crosby was duly appointed administrator of the said Cass' estate, and, by deed, dated April 29, 1825, in which it was recited that the conveyance was made by virtue of a licence from the judge of probate, conveyed, to the tenant, all the right which the said Cass had, to redeem the land. The tenant then paid to Webster, the amount due upon the mortgage.

It did not appear that the demandant had ever con-

tributed any thing, or offered to contribute any thing, towards the discharge of the mortgage.

*Thompson* and *Bliss*, for the demandant.

*Bradley* and *Joel Parker*, for the tenant.

RICHARDSON, C. J., delivered the opinion of the court.

It is very clear, in this case, that the husband had nothing in the land, during the coverture, except the equity of redemption. 4 Mass. Rep. 566, *Holbrook* v. *Finney.*

But when her husband died, this demandant was entitled to her dower in the equity of redemption. 5 N. H. Rep. 431, and the cases there cited. 5 Pick. 146, *Gibson* v. *Crehore.*

It is, however, certain, that a widow, entitled to dower in an equity of redemption, can maintain no writ of dower against the mortgagee or his assignees, until she has redeemed the land, by paying the amount due on the mortgage. 5 Pick. 146, *Gibson* v. *Crehore.*

Nor can she maintain a writ of dower against any person, who, having the right to redeem the land, has paid the amount due on the mortgage, until she has contributed her due proportion of the money thus paid, according to her interest. 5 John. C. R. 482, *Swaine* v. *Perine.*

The mode in which the incumbrance upon her right of dower, in such a case, is to be removed, has not been settled in this state. But it seems to be a case within the equity of the statute of July 3, 1829, relative to the redemption of real estate mortgaged, and, probably, in cases where the matter could not be settled by agreement of the parties, it might be done upon a petition under the statute.

In this case, as the demandant has made no offer to the tenant to contribute her due proportion of the redemption money, there must be

*Judgment on the verdict.*