## BULLARD *vs.* BOWERS.

Where there is a mere instantaneous seizin in the husband, the widow is not dowable.

But where land is conveyed to the husband, and is immediately re-conveyed in mortgage, and the mortgage is redeemed, either by the husband, his executor, or widow, the widow is entitled to dower.

Where, by the terms of such mortgage, one of the mortgagees was entitled to possession of a part of the mortgaged premises during life; and the payment of a pecuniary provision, to be made, under certain circumstances, not to exceed a given sum—*Held*, that a tender of money by the widow, to an assignee of her husband, as an indemnity against such provision, would not be a discharge of the condition of the mortgage, so as to entitle her to dower.

*Held*, however, that the husband, or his assignee, would be entitled to possession of the premises in such case, until claim for such provision was made by the mortgagee; and until such time the widow would be entitled to dower.

DOWER, demanded by the plaintiff in a farm in Dublin; of which her late husband, Timothy Bullard, was alleged to have died seized.

The action was commenced March 11, 1839. The defendant pleaded, that said Timothy was not seized of such an estate that the plaintiff could be endowed thereof; on which issue was joined.

On the trial it appeared in evidence, that Simeon Bullard, the father of Timothy, being duly seized of the farm, conveyed the same in fee to his son Timothy, on the second of August, 1813; and that Timothy on the same day executed a mortgage of the farm to his father, Simeon Bullard; Ruth Bullard, wife of said Simeon; George Darricott, Aaron Swan, Jesse Meads, Sarah Bullard, Asahel Bullard, Nathan Bullard and James Bullard; with a condition, containing, among various other provisions, the following, viz.: That the said Timothy should pay to Sarah Bullard one hundred dollars, in one year after the decease of Simeon Bullard, and on the day of the marriage of the said Sarah the value of one hundred dollars in household furniture, such as she shall direct, at a suitable time before her marriage; and also allow her the use of the weaving-house near said Simeon's dwelling-

Bullard *v.* Bowers.

house ; and provide a home in said dwelling-house for her so long as she remains single and unmarried.

And the said Timothy Bullard is further to provide a good comfortable home, in said dwelling-house, and a good bed, for the use and benefit of Asahel Bullard during his natural life ; and also to pay the said Asahel three hundred dollars, in money, at such times as he may, by reason of old age or infirmity, be under the necessity of the same, for his support ; which necessity, as well as the amount of payments at different periods, as may be needed, shall be determined by the selectmen for the time being of the town of Dublin.

It was conceded that all things mentioned in the condition of said mortgage, except the portions recited, had been duly performed.

On the 13th of March, 1827, said Timothy conveyed the farm to the defendant, who had married Sarah Bullard ; and it was in evidence that the defendant had stated that he was to pay for the farm the sum of $1800, and had paid but about $1425 ; and that the rest of the money was not to be paid until the mortgage was removed, it being reserved to pay the mortgage.

It further appeared, that on the 26th of April, 1834, J. Walker, as agent of the plaintiff, demanded her dower of the defendant, and said he was ready to pay $65 on account of the mortgage ; which sum the defendant declined to receive. He then enquired of the defendant the amount due on the mortgage—and said he would pay the whole, and tendered the defendant $250, which the defendant said was more than the amount due on the mortgage ; but the defendant declined to receive it until he had taken counsel.

A verdict was taken for the plaintiff, by consent, subject to the opinion of this court upon the foregoing case.

*Chamberlain,* for the plaintiff.

*Handerson,* for the defendant.

UPHAM, J. The first objection taken in this case is, that the grant and mortgage being at the same time, there was a mere instantaneous seizin in the husband, and the widow was not dowable. This is well settled, and is a good answer to the claim of the demandant, unless it appear that such measures have since been taken by the husband, or his representatives, as to extinguish the mortgage. The mortgage executed by the husband contained a great variety of conditions. If these conditions have been fulfilled there can be no doubt of the claim of the wife to dower; and they may be fulfilled either by the husband, or his executor, or administrator, or by the widow.

In *Hildreth* vs. *Jones*, 13 *Mass. R.* 525, it was holden, that if a husband, being possessed of an equity of redemption, remove the incumbrance by paying off the mortgage; or, if the estate be redeemed by his executor, or administator, the wife will be entitled to dower; and in *Bolton* vs. *Ballard*, 13 *Mass R.* 227, it is said, if the right of redeeming lands mortgaged be purchased by the husband, his widow will be entitled to dower in the lands, if she should redeem, as she may, or if the lands be otherwise redeemed. 3 *Pick. R.* 475, *Gibson* vs. *Crehore*; 9 *Johns. R.* 344, *Hitchcock* vs. *Carpenter*; 1 *Cow.* 460, *Coates* vs. *Cheever.*

The widow of the mortgager will also be entitled to dower by contributing her portion only of the mortgage debt, according to the value of her life estate in one third part of the mortgaged premises. 5 *Pick. R.* 146, *Gibson* vs. *Crehore*; 7 *Greenl.* 102, *Carl* vs. *Butman*; 6 *N. H. Rep.* 25, *Cass* vs. *Martin.*

It is conceded that the several conditions of the mortgage have been complied with, except the provisions relating to Sarah Bullard and Asahel Bullard.

Sarah Bullard was secured, by the mortgage, the sum of two hundred dollars. The demandant contends that this sum is shown to be liquidated by the facts in the case. The husband of Sarah Bullard purchased the mortgaged premises

of the husband of the demandant, and retained in his hands three hundred and seventy-five dollars of the consideration money, in full of his wife's claim, and as an indemnity against other incumbrances. This reservation by him of a sum sufficient to meet his wife's claim, by mortgage, must be regarded as payment.

Where the husband was the owner of an equity of redemption, and sold the same, with the agreement that a part of the purchase money should be appropriated by the grantee to pay off the mortgage, which was accordingly done, it was considered such a redemption by the husband as to revest seizin in him, and entitle his wife to dower, notwithstanding it did not appear whether the incumbrance was removed before the delivery of the deed or not. 13 *Mass. R.* 525, *Hildreth* vs. *Jones.*

The remaining condition of the mortgage is, that "the mortgager shall provide a good and comfortable home, in the dwelling-house on the mortgaged premises, and a good bed, for the use and benefit of Asahel Bullard during his natural life ; and also pay to said Asahel three hundred dollars in money, at such times as he may, by reason of old age, or infirmity, be under the necessity of the same, for his support ; which necessity, as well as the amount of payments at different periods, as may be needed, shall be determined by the selectmen of Dublin."

It is manifest that the actual burthen of this incumbrance cannot be foreseen further than that it cannot exceed three hundred dollars in money expenditure, and the provision of a comfortable room in the dwelling-house on the mortgaged premises, and a good bed for the use and benefit of said Asahel during his natural life.

As an indemnity against this liability, the demandant has tendered the defendant the sum of two hundred and fifty dollars, in addition to the amount left in the defendant's hands, making in all six hundred and twenty-five dollars, to pay a money expenditure which could not exceed both, for

said Sarah, and said Asahel five hundred dollars, leaving one hundred and twenty-five dollars as an indemnity against the claim of Asahel for a room and bed in the house situated on the mortgaged premises. This, probably, would be a sufficient indemnity. Still, from the nature of the case, it would not discharge the mortgage. The condition is of that character that a tender of money will not discharge it. But the provision has never been claimed by Asahel, and the condition, therefore, remains unbroken. Until this provision is broken, can the wife be debarred of dower?

It is apparent, from the nature of the condition, that the mortgager, or his assigns, was to be suffered to retain possession of the premises until such time as Bullard should make claim for a portion of the dwelling-house, and such other beneficial interest as was secured to him by the mortgage. 2 *N. H. Rep.* 453, *Hartshorn* vs. *Hubbard;* 9 *Ditto* 117, *Dearborn* vs. *Dearborn; and* 201, *Flanders* vs. *Lamphear.* They are, therefore, entitled to possession until a demand is made by Bullard for the provision secured to him. But if the husband or his representatives have a right to such possession until such contingency occur, the wife has an equal right to her claim of dower until such time.

The widow of a mortgager is entitled to dower of land mortgaged, or the equity of redemption, as against every person, excepting the mortgagee, or those claiming under him. 7 *Johns. R.* 278, *Collins* vs. *Torry;* 15 *Ditto* 319, *Coles* vs. *Coles;* and whenever the mortgager, by the tenor of the conveyance, is entitled to possession until condition broken, the mortgager can hold against the mortgagee; and the wife, in such case, is entitled to her dower until the mortgage is enforced.

The mortgagee has made no demand in this instance for performance of the condition to him; and there can be no valid objection to the wife's claim of dower, until this is done. Under the present state of facts, therefore, there must be

*Judgment for the demandant.*