## Rossiter & a., Appts., *vs.* Cossit, Admr.

Where the administrator of an insolvent estate paid, from assets in his hands, a mortgage upon a certain part of the real estate of the deceased, in which his widow was dowable only as to the equity of redemption, and afterwards sold the unincumbered estate, subject to her dower, he was allowed in his account only so much of the payment as remained after deducting the amount to which the interest of those concerned in the estate had been prejudiced by the redemption, notwithstanding that he acted in good faith.

The discretion which an administrator has to redeem mortgaged lands is not an unlimited discretion.

The administrator of an insolvent estate has no discretion to redeem for the benefit of the widow.

A widow is entitled to dower in a right in equity to redeem lands mortgaged, against all persons, except mortgagees and those claiming under them ; against whom she cannot be endowed except by payment of the mortgage.

Nor can she claim dower against any other person, who, having an interest in the redemption, has in fact redeemed, except by payment of a contribution.

But if the administrator redeem with assets of the estate, she is let in to dower without contribution.

The apparent effect of such a redemption by the administrator of an insolvent estate, under ordinary circumstances, thus admitting the widow to dower without contribution, must be to the prejudice of creditors; and the burden is therefore on the administrator to show that special circumstances existed, which made a redemption apparently a prudent exercise of his discretion.

Appeal from a decree of the judge of probate, allowing the appellants, among other items, certain sums paid for the redemption of certain parcels of real estate.

The case was submitted to the court upon a statement of facts, showing that Luther E. Stevens, late of Claremont, died on the 9th day of September, 1839, leaving no child, and having by his last will devised to a third person a small piece of land, and the remainder of all his property to his wife, Joan Stevens, and appointed her his executrix; that on September 18th, 1839, the said Joan declined to administer on her husband's estate, and Ambrose Cossit, the appellee, was appointed administrator with the will annexed; that in October, 1839, the said administrator represented the estate insolvent, and commissioners were appoint-

Rossiter *v.* Cossit.

ed; that the estate is in fact insolvent; that the said Luther E. Stevens repeatedly stated, previous to his death, that there would be estate sufficient to pay all his debts, and from $2000 to $3000 left; that on February 19, 1840, Joan Stevens waived the provisions for her in the will; that December 19, 1836, the said Luther purchased a tract of land in Unity, containing about seventy acres, and took and continued in possession of the same till his death; that this tract of land, when purchased, was subject to a mortgage made by one Nahum Wilson to the town of Claremont; that said administrator, having sufficient assets in his hands, on February 26, 1840, paid $24.00, and on February 29, 1840, paid $404.00, being the amount due on said mortgage, and took an assignment of the same; that, November 21, 1840, he sold this land for $500.00, and said widow relinquished her right of dower to the purchaser for $25.00, only about thirty acres being under improvement; that, October 1, 1835, said Luther purchased a tract of land in Claremont, containing about eighteen acres, of Nathan Bingham, subject to a mortgage to the wardens of Union Church, and took and continued in possession of the same at the time of his decease; that said administrator, having sufficient assets, on April 22, 1840, paid $24.00, and on October 26, 1840, paid $412.78, being the amount due on the mortgage and in discharge of the same, said eighteen acres being a part of the home farm of the deceased; that said administrator sold the home farm, including the eighteen acres, November 21, 1840, to William Rossiter, one of the appellants, for $2755; that two separate deeds of this home farm were given, a part of it being "school land," subject to an annual rent, the consideration in one deed being $1500.00, in the other $1255.00; that, at the time of the sale of the home farm, a number of the creditors were present, among whom was Rossiter, who was agent for Glidden and others in the purchase of the farm, and the administrator then stated to Rossiter and others that he would sell the home farm in separate pieces, if they thought it would be for the interest of the estate, but Rossiter and other creditors said that it ought to be sold together, that it would sell for more not to separate it, and the administrator sold it together, in compliance with

their request; that said eighteen acres were worth more than the amount of the mortgage, and equal to one third of the sale; that said lands were sold subject to the widow's dower, if she had any therein, a reservation being made in said conveyances accordingly; and that at the time of the sale the widow claimed dower in said lands, and refused to contribute to the redemption of the same, and no dower has as yet been assigned to her.

Upon a suggestion by the counsel for the appellee, that if evidence was taken it would show that the administrator acted in good faith and for the benefit of the estate, the case was subsequently committed to an auditor, to inquire respecting those facts, who reported that the administrator acted in good faith; that so far as the land in Unity was concerned, the administrator's course was judicious, and did not tend to the prejudice of the interests of the heirs and creditors. As to the Bingham lot in Claremont, assuming the widow had a right of dower in the equity of redemption of this tract, and that, after the redemption by the administrator, she was bound by law to contribute her portion of the redemption money, to entitle her to dower, the auditor was of opinion that the course pursued by the administrator was judicious. But if the payment of the mortgage money by the administrator, as mentioned in the case above stated, gave the widow a right of dower without contributing towards the mortgage money, he was of opinion that the course pursued by the administrator may have tended to prejudice the interests of those concerned in the estate, and estimated the sum at eighty-five dollars.

*P. C. Freeman,* and *Handerson,* for the appellants. The administrator has no right to redeem in such a case. This proceeding gives the widow her dower for nothing, and has the direct effect to take so much from the funds of the estate, which would otherwise go to pay creditors. He has no right to thus apply personal assets to pay mortgages. The creditors' lien is paramount to the widow's claim; the law makes other provision for her. The estate being insolvent, the administrator has no right to say whether she can or cannot have dower without con-

Rossiter *v.* Cossit.

tributing. 5 *Pick.* 146, 151, *Gibson* vs. *Crehore;* 16 *Pick.* 151, *Messiter* vs. *Wright;* 6 *N. H. Rep.* 25, *Cass* vs. *Martin;* 7 *N. H. Rep.* 73, *Robinson* vs. *Leavitt;* 10 *N. H. Rep.* 500, 502, *Bullard* vs. *Bowers;* 13 *Mass.* 525, *Hildreth* vs. *Jones.* The administrator should have sold the equity, and then the widow must have paid her proper proportion for the redemption of the mortgage.

*Leland,* (with whom was *Hubbard,*) for the appellee. The statute gives the administrator a discretion to redeem or sell. *N. H. Laws* 334, *Ed.* 1830. He is not answerable for the exercise of that discretion, acting in good faith. 4 *Johns. Ch. R.* 629; 2 *B. & H. Eq. Dig.,* 489, *pl.* 31; 2 *Madd. Ch. Pr.* 128; 5 *Ves.* 144.

The widow was not dowable in the lands, either at law or equity. Her husband was the purchaser of an equity only, and never redeemed in his life time, therefore she is not dowable. 1 *N. H. Rep.* 169, *Brown* vs. *Cram, and authorities cited at p.* 172; 23 *Pick.* 84, *Blood* vs. *Blood;* 4 *Mass.* 566, *Holbrook* vs. *Finney;* 14 *Mass.* 351, *Clarke* vs. *Munroe.* Nor can she be endowed in an equity of redemption, unless her husband has at some time been seized, and then only by offering to contribute. 6 *N. H. Rep.* 25, *Cass* vs. *Martin.* The case finds that she refused to contribute. An actual corporal seizin, or a right to such seizin in the husband during coverture, is indispensable to entitle his widow to dower. 7 *Mass.* 253, 254, *Eldredge* vs. *Forrestal;* 5 *N. H. Rep.* 240, *Fiske* vs. *Eastman.*

PARKER, C. J. We cannot adopt the principle suggested in the argument for the appellee, that the administrator is to be allowed the amount he has paid in the redemption of the mortgage to the wardens of Union Church, if he acted in good faith merely. The case of *Vez* vs. *Emery,* 5 *Ves.* 144, cited by the counsel for the appellee, is very express upon this point. The master of the rolls there says, "this defendant, the executor, finding this counter-note among the testator's effects, and being called upon by the testator's brother for the £600, under the first note, very

incautiously, but I believe very innocently, paid the whole £600." * * * " It is now said that he was under no obligation to pay more than £400 ; and being a trustee for infants, he was in so doing guilty of a breach of trust. I very much wish that, consistently with the rules of the court, I could hold him fully justified ; but, when I consider his neglect in making this payment of his own conjecture, and to the wrong of his *cestuys que trust*, I must hold that the master was right in charging him. He certainly acted with a good intention, and imagined himself justified ; but he thought fit to depend upon that which a prudent executor would not have relied on, this strange transaction in Switzerland. If he had taken advice, and been advised by any gentleman of the law in this country that he was bound to make this payment, I would not have held him liable." See, also, *Hill on Trustees* 572 ; *Lewin on Trusts* 318, *and cases cited.*

It does not appear that the appellee took any legal advice respecting the legal rights of the parties, or the effect of his proceedings in reducing the mortgage. At the time of the sale, he advised with the creditors whether it was best to sell the farm in parcels or entire, but that does not appear to have had any particular reference to a separate sale of the eighteen acres which were embraced in the mortgage to the wardens of Union Church, nor does it appear that a separate sale of that tract at that time could have affected the case. The rights of the parties had been fixed by the redemption before that time, so that a sale in one way or another would not then affect the widow's title to dower. And in making the redemption previously, the adminisistrator, so far as appears, acted on his own responsibility, without advice from any one. It is our duty, and it is our pleasure, to give to his acts as favorable an interpretation and construction as we may. 5 *Vesey* 144, *Vez* vs. *Emery ;* 4 *Johns. Ch. Rep.* 629, *Thompson* vs. *Brown.* But, notwithstanding that he acted in good faith, if what he did would probably operate to the prejudice of the creditors, and will in fact so operate if he is allowed the amount paid, we must not disregard their interests because of his good intentions.

The administrator had a discretion in this case in relation to

the redemption, but it was not an unlimited discretion. It was his duty to redeem lands mortgaged for less than their value, or to sell the equity; and, the estate being insolvent, it was his duty in this case to take that course which would be most beneficial to those interested in the distribution. The estate being insolvent, he had not a discretion to expend the funds which belonged to the creditors, in a redemption for the benefit of the widow. 5 *Pick.* 146, *Gibson* vs. *Crehore; 1 Atk.* 487, *Bennett* vs. *Lee; 2 Madd. Ch.* 592; 7 *N. H. Rep.* 106, *Robinson* vs. *Leavitt.*

Stevens, the testator, was at his death seized of an equity of redemption in these eighteen acres. It is, and it has been for years, well settled that this is an estate of which the widow is dowable against all persons except the mortgagee and those claiming under him. 6 *N. H. Rep.* 25, *Cass* vs. *Martin;* 15 *Mass.* 278, *Snow* vs. *Stevens;* 17 *Mass.* 564, *Parker* vs. *Parker;* 3 *Met.* 40, *Robinson* vs. *Bates.* But she cannot be endowed as against them, except by payment of the mortgage. 7 *N. H. Rep.* 102, *Robinson* vs. *Leavitt, and cases there cited;* 11 *Vesey* 59, *Palk* vs. *Clinton;* 6 *N. H. Rep.* 25, *Cass* vs. *Martin;* 2 *Powell on Mortgages* 689, *Coventry's Ed. (note;) Prec. in Ch.* 137, *Palmer* vs. *Danby;* 2 *P. Wms.* 700, *Banks* vs. *Sutton;* 1 *Paige* 192, *Russell* vs. *Austin;* [7 *Metcalf* 157, *Van Vronker* vs. *Eastman;* 11 *Shepley* 332, 334, *Campbell* vs. *Knights.*] Nor against any one who, having an interest in the redemption, has in fact redeemed, except by payment of a contribution. 7 *N. H. Rep.* 104, *Robinson* vs. *Leavitt, and authorities there cited;* 6 *N. H. Rep.* 25, *Cass* vs. *Martin;* 5 *Johns. Ch.* 482, *Swaine* vs. *Perine;* 7 *Greenl.* 102, *Carll* vs. *Butman.* But if the administrator redeems by a payment of the mortgage from assets of the estate, that lets the widow into dower without contribution. 13 *Mass.* 525, *Hildreth* vs. *Jones; Ditto* 327, *Bolton* vs. *Ballard;* 17 *Mass.* 564, *Barker* vs. *Parker;* 14 *Pick.* 345, 350, *Jennison* vs. *Hapgood.* See in this connection also, 6 *Johns.* 290, 295, *Hitchcock* vs. *Harrington;* 7 *Johns.* 278, 282, *Collins* vs. *Torry.*

The administrator represents the deceased, who owned the equity, and when he redeemed in this case with the money of the

testator, it is as if the testator himself had redeemed. The mortgage is discharged. As to the dower, it is as if the mortgage had never existed; for the widow being dowable as against every one but the mortgagee and those claiming under him, and the mortgage being paid by one who had the right to pay and redeem, is discharged, unless the party paying has the right to have it subsist for the purpose of enforcing contribution. The mortgagee cannot set it up, nor is there any one to claim under him who can set it up against the widow. The administrator who has redeemed with the assets of the deceased husband, cannot set up the mortgage in bar of her dower, or claim a contribution of her, for he represents the husband, and pays with what was his property. Had he redeemed with his own money it would have presented a very different case.

There seems not to have been any misapprehension upon this subject. While it is too well settled to admit of doubt by any one conversant with legal proceedings, that a mortgage subsisting at the time of the husband's purchase is a bar of the dower of the wife, except she redeem or contribute to the redemption, it seems clear in this case that it was understood that the redemption by the administrator probably changed her rights, and let her in to claim dower without contribution. The sale was made shortly after the redemption, subject to her dower, if she had any; and she at the same time claimed dower, and refused to contribute towards the redemption which had already been made. She understood her rights, and there is nothing to show that the administrator misapprehended them.

The apparent effect of such a redemption by the administrator of an insolvent estate, under ordinary circumstances, thus admitting the widow to dower without contribution, must be to the prejudice of creditors. A case can hardly be imagined in which it could operate for the benefit of the estate; because the administrator has power to sell, subject to the mortgage, and the purchaser, if he redeemed, would then have the right to hold against the widow until she contributed. But, as she may now have her dower without contribution, the estate, unless by reason of some special circumstances, is probably prejudiced to the value of what

would have been required as her contribution, or nearly so. If we could now hold that she must contribute before she could have dower, the effect would be to give the purchaser the benefit at the expense of the creditors, as he purchased subject to her right.

All this is so palpable an effect in ordinary cases, that the burden must be thrown on the administrator to show that special circumstances existed which made a redemption apparently a prudent exercise of the discretion which the statute vested in him. He has had the opportunity to do this in the present case, but has failed to show any such state of facts. We cannot allow him, therefore, the full amount of the payment which he has thus made to the prejudice of the estate.

*Decree reversed to the extent of the sum reported by the auditor, and affirmed as to the residue.*