## WOODS *v.* WALLACE.

Where a husband and wife executed a mortgage of a tract of land, of which the husband was seized, to secure the payment of a promissory note, and afterwards the husband died, the note still remaining unpaid, and one W. purchased the note and mortgage, and took an assignment of them, and, afterwards, purchased the equity of redemption, at a public sale of it by the administrator of the husband; it was *held*, that upon payment of her fair proportion of the mortgage debt, according to her interest, the widow was entitled to be endowed of the land, in the same manner as if the mortgage had not been executed by her.

BILL IN EQUITY.—The bill alleged that the plaintiff was the widow of Aaron Woods, late of Nashville; that during the coverture said Aaron was seized of the premises in which the plaintiff claims dower in this bill. It is further

alleged that on the 7th day of December, 1849, while so seized, the said Aaron conveyed the premises in mortgage to one Z. Shattuck, to secure the payment of the promissory note of said Aaron to said Shattuck, which mortgage was in no wise signed by the plaintiff, and, moreover, the note thus secured has never been paid. The bill further alleged a mortgage made by said Aaron to Benjamin M. Farley, Esq., to secure the payment of a promissory note for $500 from said Aaron to said Farley, and the plaintiff signed said deed, and thereby relinquished her right of dower in the premises, as against the last named mortgagee.

It alleged, also, that the defendant purchased and took an assignment of the Farley mortgage.

The bill further averred the death of said Aaron Woods, and also a sale by A. W. Sawyer, his administrator, of all his right in equity of redeeming the mortgaged premises, to the defendant. The seizin of the husband during coverture, the execution of the mortgage to Shattuck, and also of the Farley mortgage, and the assignment of them to the defendant, as well as the sale of the equity of redemption to the defendant, were admitted by the answer, and are not facts in controversy between the parties.

The complainant furthermore averred an offer to pay the defendant her fair proportion of the amount of the Farley mortgage, and prayed that her dower might be adjudged and duly assigned to her in the premises.

*Farley*, for the plaintiff.

*A. W. Sawyer*, for the defendant.

WOODS, J. Upon this state of facts alleged and admitted, the mortgage to Shattuck can furnish no answer to the claim of dower made by the plaintiff. It was simply a deed of mortgage, made by the husband alone, during the coverture, and could not affect the plaintiff's rights. The hus-

band can no more incumber or defeat the right of dower of the wife by a mortgage, in this State, than he can convey it by an absolute deed. It is familiar law in this State that the husband's conveyance will in no wise affect his wife's right of dower. It can only be done by her own act. Indeed, we are not aware that it is claimed that he can affect or defeat her estate by his individual conveyance. The Shattuck mortgage, then, may be laid out of the case. The mortgage deed to Farley was signed by the plaintiff as well as her husband, and her claim of dower in the premises thereby relinquished, as against the grantee in that deed, his heirs and assigns. Is the plaintiff entitled to dower in the premises, and if so, is she entitled to the extent of the use of one third of the premises, upon making contribution in the manner proposed in the bill ? These are the questions arising upon the bill and answer. The claim of dower made in this case does not rest upon the mere right in equity of redemption of the husband. It is, however, well settled, that a widow is dowable of an equity of redemption. To be sure it is not a right which can be enforced at common law, but is to be worked out through the aid of the courts of equity, according to the rules and principles governing those courts, where the rights of all the parties interested can be considered and settled, or perhaps upon a petition under chapter one hundred and thirty-one of the Revised Statutes, relating to mortgages of real estate. *Cass* v. *Martin*, 6 N. H. Rep. 25.

At the date of the deed Woods and wife each had distinct rights in the land. The plaintiff had an inchoate right of dower in the premises, which, as against all persons but such as claim by or from herself, became perfect upon the death of her husband. The husband had the remaining interest in the premises. The interest of each in the land was incumbered by the act of each in the execution of the deed. Neither of the mortgagors could redeem as against the mortgagee, without the payment of the whole debt which

the mortgage was intended to secure. *Cass* v. *Martin*, 6 N. H. Rep. 25; *Gibson* v. *Crehore*, 5 Pick. 146; *Robinson & a.* v. *Leavitt*, 7 N. H. Rep. 74; *Russell* v. *Austin*, 1 Paige 192; 2 Powell on Mortgages, 689.

At present the plaintiff has a right of dower incumbered by the mortgage, and the defendant has the right in equity of the husband, and also holds the mortgage interest by purchase and assignment.

Can the widow be permitted to enjoy any interest in the premises, excepting upon the payment by her of the whole Farley mortgage debt to the defendant? Or may she entitle herself to be endowed of any part of the estate upon payment of her fair proportion of the debt, according to her dower interest? The bill and answer show that the defendant set off to the plaintiff an interest in the premises less than one third part. But we are of the opinion that she was entitled, upon making her proper contribution, to a greater share or interest. Upon payment of her proper share of the debt she was entitled to be let in upon her dower in the same manner in which she would have been entitled if she had never incumbered the estate by the execution of the mortgage.

If we look at the exact relation of the several parties to the estate, we think the rights of each will be apparent. The defendant, in the first place, purchased the Farley mortgage, and it was assigned to him upon his paying the amount of it. He subsequently purchased the right which Aaron Woods had at his death to redeem the premises. After the purchase of the equity of redemption, as we conceive, he stood in the same position, and had the same rights which he would have had if he had first purchased the equity of redemption, and afterwards had paid the amount of the mortgage, or had taken an assignment of it. In either case he would be in equity and in law the purchaser and owner of the mortgage by way of redemption. The plaintiff also has the same rights in the estate that she would

have had if the purchase of the equity had been made by the defendant, in the first instance, and the mortgage afterwards. She has an interest in the estate mortgaged, she having executed a mortgage deed only, and not an absolute deed to the mortgagee.

Having an interest in the premises, she has, like all other parties thus situated, a right to redeem. That is a universal principle.

What is she to do to entitle herself to redeem, or how is she to avail herself of her right to redeem ?

The defendant, when he purchased, and so long as he held the mortgage interest only, of Farley, was entitled to receive of the plaintiff, or of any one holding the equity of redemption, the entire sum secured by the mortgage. There was no principle of law or equity that could conflict with that right. Upon no ground could the plaintiff, or any other one holding the equity of redemption, redeem, short of a payment of the entire sum secured by the mortgage. *Cass* v. *Martin* ; *Robinson & a.* v. *Leavitt,* and *Rossiter* v. *Cossit,* before cited.

But when the defendant purchased the equity, she became entitled, as against him, to be endowed of one third part of the premises, upon contributing her just proportion of the mortgage debt, according to the value of her interest.

We think it would be idle to hold that the defendant was entitled to receive the whole amount of the mortgage before the complainant could be let in upon her dower estate ; for if she should so pay the amount of the mortgage, she would clearly be entitled to the whole premises, until contribution should be made to her by the defendant. *Swaine* v. *Perine,* 5 Johns. Ch. Rep. 482 ; *Call* v. *Butman,* 7 Greenl. 102 ; *Robinson* v. *Leavitt, ubi supra,* and cases there cited. The estate of each in the land was liable for the whole mortgage debt. He could avail himself of the equity of redemption purchased by him at the administrator's sale in

no other way than by contributing his fair proportion of the mortgage debt. *Taylor* v. *Bassett,* 3 N. H. Rep. 294.

Why, then, should she be driven to the idle ceremony of paying the whole mortgage, thereby giving the defendant the right to regain his interest in the premises by refunding to her his share ? Such a course, we think, is not required, nor is it in accordance with well considered decisions in like cases.

Perhaps another view of the case may be taken, leading to the same result. The purchase of the interest of Aaron Woods in the estate, that is, of the equity of redemption, may well be considered as an extinguishment of so much of the mortgage debt as shall bear the same proportion to the whole debt secured by the mortgage, as the value of that interest in the premises bears to the whole interest of both the mortgagers—or the whole estate. Certainly that is an equitable view. It is the duty of a purchaser of an equity to redeem from the mortgage. If he holds the mortgage it should be considered as extinguished to that extent. To entitle herself, then, to be endowed, the complainant must pay the balance to the defendant, or offer to do it. This she did offer to do. And so upon paying the same into court, after its amount shall be ascertained by an auditor or master appointed for the purpose, she will be entitled to have her dower set off to her in the premises.

*Let a decree be entered accordingly.*