A joint bill is filed by a lessee (Anna D. Sever) and two other parties (Edwin P. Griffenberg and the Socony-Vacuum Oil Company) claiming to be sublessees, of premises in Palmyra, Burlington county, New Jersey, seeking the right to redeem from a mortgage on said premises held by the defendant. The mortgagee brought ejectment proceedings in the Burlington County Circuit Court against the complainants herein for possession of the mortgaged premises, and the defendants in that suit (complainants here) sought to redeem; Judge Shay, holding the Burlington circuit, found that he was unable to order redemption by reason of the statutory provision preventing the entry of such an order where the party against whom the redemption is sought opposes that course in accordance with the statute. A few days subsequent to the filing of the bill herein, further prosecution of the law action was enjoined pending this final hearing, upon condition that complainants deposit $3,300 with the clerk of this court (a sum sufficient to satisfy the mortgagee's debt and his costs in the law court). That condition was promptly met.
The term of the lease, or right of whatever kind, upon which complainant Griffenberg rested his claim when the bill was filed, has expired. By a stipulation filed herein, it appears that during the pendency of this cause, Griffenberg made a new lease agreement and has continued to occupy the same premises occupied by him under his former agreement. *Page 369 
However, I cannot consider any claim on the part of Griffenberg under the later agreement unless the bill of complaint is properly supplemented to disclose the changed conditions; but I shall assume that this will be done, and I shall withhold advising a final decree herein for a reasonable length of time to enable counsel to accomplish this, unless I am apprised that the opportunity to do so is not desired.
Complainant Sever is lessee of the entire tract concerned herein; complainant Socony-Vacuum Oil Company is lessee (from Sever) of a portion of the tract fronting on Route S-41 of the New Jersey state highway system, and uses the same for a gasoline service station; complainant Griffenberg is lessee (from Sever, under a lease made after the bill was filed, as aforesaid) with fifty-five feet frontage on Route S-41 and extending across the rear of the portion leased to the Socony-Vacuum Oil Company, which he uses as a coal yard; complainant Sever occupies the remainder. I think there can be no question at all but that all three complainants have interests which entitle them to redeem. The redemption money has been paid into court, and all that complainants ask of the defendant is that he surrender his mortgage uncanceled; this the defendant refuses to do, although by his answer he tenders himself ready to surrender his mortgage after he shall have extinguished it and marked it for cancellation. But a satisfied mortgage would not afford the protection and security which is due those furnishing the redemption money in this case. See the opinion of Chancellor Zabriskie, in Hamilton v. Dobbs, 19 N.J. Eq. 227, to the following effect (at p. 228):
"A tenant for years has the right to redeem; he has the present estate in the land, and it is necessary that he should have that right to protect his interest, and this case is a good exemplification of the wisdom of that doctrine. It was so held by Lord Mansfield, in Keech v. Hall, Doug. 22, and has ever since been accepted as the settled rule in such case. Coote onMort. 334 and 516; Fisher on Mort. 123. The tenant, or other person, like a second mortgagee or judgment creditor, having a right to redeem, has not, perhaps, strictly the right to demand a written assignment of the bond and *Page 370 
mortgage; but he stands by redemption in place of the mortgagee, and will be subrogated to his rights against the mortgagor and the reversioner. He has the right to have the bond and mortgage delivered to him uncanceled, which, in such case, is, in equity, and may be at law, a complete assignment of them. The complainant is entitled to be protected in this right."
Nor do I think there can be any doubt that complainants qualify as lessees of the mortgaged lands. They all hold under instruments endorsed with the word "Lease;" those instruments refer throughout to "demised" premises and are replete with expressions and provisions concerning terms, subletting, renewal, re-entry, c. — all indicative of an intention to confer rights of leasehold. But certainly the complainants are not mere volunteers; they are, at the least, owners of such an interest as should entitle them to protect themselves from the menace of the enforcement of defendant's mortgage. In Suydam v. Voorhees,58 N.J. Eq. 157, Vice-Chancellor Reed said (at p. 163):
"It is entirely settled that one who volunteers to pay another's debt has no claim to subrogation, but if he has an interest which is menaced by the existence of the debt, he is relieved of the character of a volunteer. Nor does the quantity of the interest which is likely to be destroyed or impaired by the existence of the debt matter. If he has any palpable interest which will be protected by the extinguishment of the debt, he can pay the debt and be entitled in equity to hold and enforce it just as could the original creditor. A tenant for years who pays a mortgage upon the leased premises will be subrogated.Hamilton v. Dobbs and Robinson, 4 C.E. Gr. 227. A widow who discharges a lien on the estate of which she is dowable will be subrogated to the right of the lienor. Woods v. Wallace,30 N.H. 384. A devisee (Redmond v. Redmond, 63 N.C. 242) or an heir (Chapin v. Sullivan, 128 Ind. 50) who pays a debt to protect his interest will be subrogated. A discharge by certain legatees of a judgment against the estate will entitle them to substitution to the position of the judgment creditor. Mitchell
v. Mitchell, 8 Humph. 359. Instances in illustration of the general rule above stated might be extended indefinitely." *Page 371 
Since the fact is, however, in the present case, that the redemption money has been paid into court wholly by one of the complainants — Socony-Vacuum Oil Company — while the bill is filed jointly by the three complainants, the defendant may very reasonably question to whom he should be ordered to deliver up his mortgage upon redemption. The three complainants likewise filed a joint brief, in which they say:
"In this case, all that the court is interested in is to see that the mortgage money is properly paid to the defendant. The court then may thereafter enforce contribution as between the co-tenants or permit the one tenant to hold the mortgage for itself, or for all of the co-tenants, as the intention of the parties might appear.
"It is respectfully submitted that the complainants jointly, or the Socony-Vacuum Oil Company, Incorporated, on behalf of itself and the other complainants, is entitled to redeem the mortgaged premises and to have delivered to it the defendant's bond and mortgage uncanceled of record."
Inasmuch as the complainants are, among themselves, in apparent accord and agreement as to whom the mortgage shall be delivered, there will be no difficulty on this subject. But the matter cannot be left in any state of uncertainty; therefore the final decree must make specific provision for the disposition of the mortgage, and be assented to by all of the complainants.
I will advise a decree for redemption, and will direct the surrender of the bond and mortgage uncanceled. *Page 372