**Brenda WADLOW, et al.,
Plaintiffs-Respondents,**

v.

**DONALD LINDNER HOMES, INC., et al., Defendants-Appellants.**

**No. 46100.**

Missouri Court of Appeals,
Eastern District, Division One.

June 28, 1983.

Daniel E. Wilke, Paul E. Kovacs, Clayton, for defendants-appellants.

Donald V. Nangle, St. Louis, for plaintiffs-respondents.

KAROHL, Judge.

Defendant Lindner Homes, Inc., appeals from a jury verdict in a personal injury action awarding $65,000 in damages to plaintiffs-respondents Mrs. Wadlow and her minor son. Defendant alleges four grounds of error in the judgment: (1) failure to grant a directed verdict or a judgment notwithstanding the verdict when the plaintiff did not prove negligence on the part of the defendant to warrant a res ipsa loquitur submission; (2) the res ipsa jury instruction was unclear; (3) failure to grant a mistrial when lay opinion evidence on an ultimate fact was submitted to the jury; and (4) improper venue. Defendant Lindner's repeated motions to dismiss the cause for lack of venue were denied by the circuit court. We hold that the venue was improper and reverse.

While observing his father at work on defendant Lindner's property in St. Louis County, a fire occurred and plaintiff, four year old Rodney Wadlow, was burned. Mrs. Wadlow as parent and next friend of her minor son brought a personal injury suit in St. Charles County against Lindner Homes and Southwestern Bell, claiming that both were the husband-father's employer and liable for the child's injuries based upon husband-father's negligence in causing the fire. In addition, plaintiffs alleged that Southwestern Bell had contracted with Mr. Wadlow for the services being performed at the time the child was injured.

Southwestern Bell had a business office in St. Charles County. If it was a proper co-defendant venue would be appropriate in St. Charles County. § 508.040 RSMo. 1978. *State ex rel. Webb v. Satz,* 561 S.W.2d 113, 115 (Mo. banc 1978), *modified on other grounds,* 606 S.W.2d 176 (Mo. banc 1980). Lindner Homes, Inc. had its only office for conduct of business in St. Louis County. On the day of trial, plaintiffs dismissed the suit against Southwestern Bell conceding that there was no reasonable likelihood of recovery against it. As Lindner Homes was then the sole defendant, venue in St. Charles County would be proper only if Southwestern Bell was originally named a defendant in good faith and not simply to gain venue in St. Charles County courts, *Rakestraw v. Norris,* 478 S.W.2d 409, 414 (Mo.App.1972), or if suit against Lindner Homes alone could have been brought in St. Charles County. § 508.040.

Where venue is an issue, plaintiffs carry the burden of proof to show an honest belief that there is a justiciable claim against the resident party. *Rakestraw v. Norris,* 478 S.W.2d 409, 414 (Mo.App.1972). Here, the petition alleged that both Southwestern Bell, a St. Charles County resident, and Lindner Homes were Mr. Wadlow's employer. In fact, Southwestern Bell was not his employer nor was there any reason to believe that it was. Mr. Wadlow had never received any form of compensation directly from them, nor did he take instructions from Southwestern Bell employees. The plaintiffs, as wife and son of Mr. Wadlow, must have known that Mr. Wadlow was not a Southwestern Bell employee. The family relationship and plaintiffs' concession demonstrates that the petition was not founded on an honest belief in a justiciable claim against Southwestern Bell as an employer.

Plaintiffs also alleged that Southwestern Bell had contracted for the services being performed by Mr. Wadlow at the time of the accident. The record demonstrates that Southwestern Bell had contracted with Lindner Homes and not with Mr. Wadlow. As the plaintiffs were Mr. Wadlow's wife and son, they must have known that he had not contracted directly with Southwestern Bell. Consequently, there was no basis for a good faith belief in a justiciable claim against Southwestern Bell on this ground. It appears Southwestern Bell was named as a defendant only to obtain venue in St. Charles County.

As plaintiffs failed to prove an honest belief in a justiciable claim against South-

western Bell there was no venue in St. Charles County for a suit against Lindner Homes. *Rakestraw v. Norris,* 478 S.W.2d 409, 414–15 (Mo.App.1972).

The suit could not have been brought originally in St. Charles County with Lindner Homes as the sole defendant. Section 508.040 RSMo.1978, sets forth the standard for venue for suits against corporations: "Suits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." Plaintiff Rodney Wadlow was burned in St. Louis County, hence the cause of action accrued in St. Louis County. The issue is whether Lindner Homes had an office or agent for the transaction of customary business in St. Charles County.

 Although Lindner Homes had a registered agent for service of process in St. Charles County, that is not sufficient for venue purposes. The registered agent for process is not involved in the normal course of business and is not an agent for venue within § 508.040. *State ex rel. Whaley v. Gaertner,* 605 S.W.2d 506, 507 (Mo.App. 1980).

 For purposes of venue under § 508.-040, agent is defined "as a person authorized by another to act for him, or one entrusted with another's business." *State ex rel. Pagliara v. Stussie,* 549 S.W.2d 900, 903 (Mo.App.1977). Lindner Homes' corporate president testified that Lindner Homes does not have an agent or office for the transaction of business in St. Charles County.

 Defendant argued that venue in St. Charles County would be proper since twenty percent of Lindner Homes' business is done there. The venue statute, however, does not consider the amount of business

transacted by a domestic corporation in a specific county. It focuses, instead, on the office of the agent for the transaction of business. Lindner Homes simply had no agent in St. Charles County. Although the corporate president's personal residence was in St. Charles County, this, in itself, does not make the residence an office for usual and customary business even though records were stored there, occasionally mail was sent there and a few business cards listed the St. Charles address. *Greenberg v. Koslow,* 475 S.W.2d 434, 437–38 (Mo.App. 1971). Lindner Homes' business in St. Charles County consisted of dispatching tow vehicles from the St. Louis County office to pick up vehicles in St. Charles County.[1] There is no evidence that business was customarily, or even rarely, transacted at any St. Charles address.

 Venue in St. Charles County was improper because St. Charles County was not where the cause of action accrued and Lindner Homes did not have an agent or office for the transaction of business there. § 508.040. In addition, plaintiffs did not show that the action against Southwestern Bell was originally brought in good faith and not solely to establish venue. Absent venue the court did not have jurisdiction over the defendant corporation, Lindner Homes. *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62, 66 (Mo. banc 1956). As a result, the lower court judgment was void. *Cantrell v. Farris,* 621 S.W.2d 380, 382 (Mo.App.1981). The trial court erred in not dismissing without prejudice for lack of venue. *Squaw Creek Truck Plaza, Inc. v. State Highway & Transportation Commission of Missouri,* 636 S.W.2d 140, 141 (Mo. App.1982). We reverse and remand for the trial court to dismiss the action.

Several of the issues raised in plaintiffs' appeal may occur if the case is retried in a court having proper venue. .

---

1. When testifying at the hearing on the motion to dismiss, Lindner Homes' corporate president testified that Lindner Homes did twenty percent of its business in St. Charles County. He did not explain whether the twenty percent represented the volume of business measured by dollar value or by the number of vehicles

towed from St. Charles County. Consequently the nature and amount of actual business transacted in St. Charles County is unclear. However, the origin of all the business transacted in St. Charles County came from the St. Louis County office.

**648**

Plaintiffs submitted the case as a res ipsa loquitur case. On appeal defendant alleged that the child's burns were not an appropriate case for use of the res ipsa doctrine because fires can start without negligence. We conclude that absent proof of an explosion resulting in fire, the case should be based upon allegations and proof of specific negligence, and not be submitted as a res ipsa case. [The plaintiff must demonstrate that it was negligent to transfer gasoline under the circumstances at hand, i.e., close proximity to a hot muffler pipe, or whatever the facts may be]. *Kapros v. Pierce Oil Corp.*, 324 Mo. 992, 25 S.W.2d 777, 781 (Mo.1930). See *Crystal Tire v. Home Service Oil Co.*, 465 S.W.2d 531, 533 (Mo.1971) for an explosion case where the res ipsa submission was approved.

The deposition statement of Lindner Homes' president expressing his opinion that Roger Wadlow must have acted carelessly was properly admitted as an admission against interest. When asked if there had been anything unusual about Mr. Wadlow's transfer of gasoline, the corporate president responded that the "only thing different with it was his carelessness." Although the corporate president was not present at the scene of the accident, his opinion as to fault is admissible as an admission by a party. *Carpenter v. Davis*, 435 S.W.2d 382, 384 (Mo. banc 1968).

We reverse.

SIMON, P.J., and STEPHAN, J., concur.