Rodney WADLOW, a minor, by Brenda WADLOW, next friend, and Brenda Wadlow, individually, Respondents-Cross-Appellants,

v.

LINDNER HOMES, INC., et al., Appellant-Cross-Respondent.

Nos. 50511, 50513.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 26, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1986.

Case Transferred to Supreme Court Nov. 18, 1986.

Case Retransferred to Court of Appeals Jan. 30, 1987.

Original Opinion Reinstated Feb. 4, 1987.

Daniel E. Wilke, Clayton, for appellant-cross-respondent.

Arthur G. Muegler, Jr., St. Louis, for respondents-cross-appellants.

KAROHL, Presiding Judge.

Defendant Lindner Homes, Inc. (Lindner, Inc.) appeals verdicts and judgments for plaintiffs, mother and son, in suit for burn injuries sustained by four-year old boy, Rodney Wadlow, as a result of the negligence of his father, Roger Wadlow. The plaintiffs's theory was that Roger Wadlow was an employee of defendant Lindner Homes, Inc. and it was liable through his negligence in causing the fire. Plaintiffs alleged Roger Wadlow spilled gasoline while refueling his truck and heat from the exhaust system ignited the gasoline vapors injuring Rodney Wadlow. Plaintiffs cross-appeal a directed verdict in favor of co-defendant Donald Lindner at the close of plaintiffs' evidence claiming plaintiffs made a submissible case on the pleaded theory of negligence in furnishing dangerous tools to Roger Wadlow. This action was previously filed and tried in St. Charles County. On appeal we found improper venue in St. Charles County and remanded. *Wadlow v. Donald Lindner Homes, Inc.*, 654 S.W.2d 644 (Mo.App.1983).

Before reaching defendant's claims of trial error, we first consider whether the case was properly lodged in the City of St. Louis. The issue of proper venue was

timely raised on motion and preserved throughout.

Plaintiffs are not residents of the City of St. Louis. Defendant Lindner Homes, Inc. was a Missouri corporation with its only office in St. Louis County, Missouri. It was voluntarily dissolved on April 18, 1983 but was sued under the authority of § 351.565 RSMo 1978. Defendant Donald Lindner is a resident of St. Charles County, Missouri. Defendant Herrin Welding Service, Inc. is a Texas corporation engaged in business only within that state. The injuries were sustained in St. Louis County.

Venue in the City of St. Louis is premised on allegations that defendant General Motors Corporation has a regular business office in the City of St. Louis and conducts part of its business from that office. It was not a defendant in the prior suit. It was sued on the theory of product liability for defective design of a truck which was causal to the fire and plaintiff Rodney's injuries. Prior to trial the court approved a partial settlement offered by defendant General Motors and divided by Brenda Wadlow as the parent responsible for the medical bills and Rodney Wadlow as the injured party. The amount of the settlement was $20,000.

Defendant Lindner Homes, Inc. claims General Motors Corporation was fraudulently joined in this suit for the sole purpose of attaching venue in the City of St. Louis. It is undisputed that the petition alleges a cause of action against defendant General Motors Corporation on a recognized legal theory, products liability. The issue is whether plaintiffs knew or must be presumed to have known that they could not make a submissible case on the pleaded theory when they filed the petition. We have recognized that more is required than merely stating a "paper case" against a resident defendant. In *Diehr v. Carey*, 238 Mo.App. 889, 191 S.W.2d 296 (1945) this court recognized three distinct categories representing fraudulent joinder: (1) no cause of action in truth and in fact existed against the resident defendant; (2) upon conceded facts no action could be brought against the resident defendant on any recognized legal theory; and (3) no factual basis could exist to support an honest belief on plaintiff's part that he had a cause of action against the resident defendant. 191 S.W.2d 300–301. The rule was approved by subsequent cases of *White v. Burkeybile*, 386 S.W.2d 418, 425 (Mo.1965), *Lichterman v. Crockett*, 331 S.W.2d 607, 609 (Mo.1960), and *Rakestraw v. Norris*, 478 S.W.2d 409, 414 (Mo.App.1972). Defendant relies only on the third category. It argues that no factual basis existed to support an honest belief on plaintiffs' part that they had a cause of action against General Motors. It supports this argument by reference to plaintiffs' answer to interrogatories of General Motors in identifying "experts" who would testify to the causal connection between defective design and the fire. It contends that because those named were not qualified experts there was no reason for anyone, including plaintiffs, to believe that there was available evidence of either strict or negligence liability on the part of General Motors. If this were true then the jury verdict and judgment against appellant Lindner, Inc. is void because the venue of the action was improper and the motion of defendant Lindner Homes, Inc. to dismiss should have been sustained. *Wadlow v. Donald Lindner Homes, Inc.*, 654 S.W.2d 644, 647 (Mo. App.1983).

In *Diehr*, we recognized that to sustain venue a plaintiff need not show that it would ultimately succeed in its action against a resident defendant. "If at the time plaintiff files his petition he has evidence of witnesses who will sustain the allegations of his petition against the resident defendant, the fact that circumstances may deprive him of his evidence at the trial will not justify a dismissal as to the non-resident ..." 191 S.W.2d at 301. In the present case, the plaintiffs settled against the resident defendant and it therefore was unnecessary to develop evidence to sustain the cause of action. The test is an "honest belief" at the time of filing the petition and not submissibility. The burden is upon ap-

pellant Lindner Homes, Inc. to support the allegation of fraudulent joinder. *Hutchinson v. Steinke,* 353 S.W.2d 137, 139 (Mo. App.1962). The burden in the present case is exacerbated because of the pre-trial settlement. There is no dispute that the petition states a cause of action on a recognized legal theory against a resident defendant. In this respect the present facts differ from those of *Diehr.* Under these circumstances, the question narrows to whether there was a factual basis to support an honest belief on plaintiffs' part that they had such cause of action.

We hold that the venue in the City of St. Louis was proper and that the trial court did not err in denying appellant's motion to dismiss. First, the record does not clearly establish that at least one of plaintiffs' experts could not have qualified and testified so as to make a submissible case against the resident defendant. It never became necessary. Second, other experts may have been produced at trial after an amendment to the answer, to interrogatories or by leave of court. Third, the existence of a product defect may be inferred from circumstantial evidence with or without the aid of expert opinion evidence. *Winters v. Sears, Roebuck and Co.,* 554 S.W.2d 565, 569 (Mo.App.1977). The evidence at trial indicated that the exhaust system underneath the truck was in the proximity of the location of the gasoline tank. The jury found that the heat generated by operation of the truck along the exhaust system was causal to the fire. From this evidence the jury could have concluded that there was a design or manufacturing defect which created an unreasonably dangerous and hazardous condition. We reject defendant's claim of improper venue and consider whether defendant Lindner, Inc. was entitled to the requested directed verdict.

We held in the first appeal that in a case involving injuries from a fire, as distinguished from an explosion, plaintiffs must rely upon allegations and proof of specific acts of negligence. *Wadlow,* 654 S.W.2d at 648. We adhere to that view because a fire can start without an act of negligence. For this reason res ipsa does not apply to an unexplained fire. There is no inference from the event alone. Appellant Lindner Homes, Inc. contends that it was entitled to a directed verdict or judgment notwithstanding the verdict because plaintiffs failed to present substantial evidence sufficient to enable the jury to find specific negligence on the part of Roger Wadlow if he was its employee. Specifically, it contends that there was no proof of the cause of the ignition of the gasoline. On this issue plaintiffs relied upon the opinion evidence of Thomas O'Conner. Appellant Lindner Homes, Inc. claims that this witness' opinion was unsupported and not probative on the issue of origin of the fire. It contends that O'Conner had no knowledge or experience concerning exhaust pipe temperatures on GMC trucks; that he relied upon an authority which was demonstrated to be inapplicable; that even if there was evidence of the temperature of the exhaust system at the closest point there was no evidence of the temperature at the location of the gasoline tank some distance removed from the exhaust pipe and separated by the metal frame of the truck; that as a result the assumptions of the witness were never proven. In conclusion, it contends that there was no direct or circumstantial evidence from which the expert could conclude that the ignition heat source of the gasoline was solely associated with the truck. In particular, O'Conner assumed that there was no other ignition source around the truck at the scene of the fire; that the components of the exhaust system could reach temperatures in excess of 850° [the undisputed ignition temperature of gasoline vapors]; and that several minutes after the truck had been turned off the radiant temperature from the exhaust pipe adjacent to the gas tank remained at least that temperature.

Defendant Lindner, Inc. claims that the testimony of O'Conner was the product of piling inference on inference from the originally assumed fact that there was no other ignition source and therefore that the

exhaust system must have ignited the gasoline vapors. Witnesses are not permitted to stack or pyramid inferences. "The ruling against piling inferences is not a general rule applicable to all situations; but is a rule of reason governing only when the proven facts and the reasonable implications furnish no basis for agreement or disagreement by persons of average intelligence as to whether the factum probandum has been established." *Wills v. Berberich's Delivery Co.*, 345 Mo. 616, 134 S.W.2d 125, 130 (1939).

Witness O'Conner testified both as an expert and a fact witness. He had inspected the truck involved in the casualty on one occasion. At the time of his testimony he was a police officer with college degrees relating to criminal justice. In connection with his education and his employment he had attended seminars on automobile fires and investigated 150 such fires. He had investigated 2,000 fires of various kinds. The casualty occurred on July 13, 1979. He thereafter inspected the truck in July 1979 and found no electrical causation; no causation related to the motor; smoke and carbon buildup only adjacent to the gas tank. He described the elements or conditions required for a gasoline flash fire to include a vapor buildup and an ignition source that would reach the temperature of 850° or more. He opined that upon reasonable certainty a motor vehicle's manifold exhaust pipe could generate sufficient temperature to ignite a gasoline vapor accumulation. Defendant Roger Wadlow had testified that in transferring gasoline from storage vehicles to the truck he had spilled one to two quarts of gasoline and immediately thereafter three or four quarts of gasoline. Roger Wadlow also testified that immediately before the fire he heard "snapping underneath" or "popping underneath" the truck and that the flames came from underneath the truck.

Plaintiffs presented to Mr. O'Conner a lengthy hypothetical question with regard to the fire on July 12, 1979 which included the following facts: (1) continuous operation of the truck for approximately ten hours; (2) that the engine was turned off; (3) that plaintiff Rodney Wadlow was standing within one foot from the gasoline storage tank facing his father, Roger Wadlow, who spilled one to two quarts of gasoline in the pouring process so that gasoline puddled and ran downhill crossing the top of the gas tank under the side and back into the frame area of the truck; (4) that Roger heard popping noises and saw fume accumulation; (5) that during a second transfer one to two quarts of gasoline were spilled which again puddled and ran across and over the top and side of the truck's gasoline storage tank into the truck frame area with visible fume accumulation; (6) that Roger heard a loud noise followed by a pressure of air striking him and a flash of flames originating from underneath the truck which swept outward and upwards striking Roger and Rodney Wadlow; (7) the gasoline tank was approximately six inches to one foot away; (8) that at the time of the fire the engine had been turned off for six minutes; (9) there were no other open fires or flames in the immediate vicinity; and (10) that July 12, 1979 was a hot, clear day. The witness answered, "My opinion is that the only heat source available to ignite the vapor accumulation of gasoline would have been the heat exhaust system."

Plaintiffs contend that appellant has not preserved this issue because the grounds stated in the motion for directed verdict were conclusory and not precisely the same as the ground argued on appeal. We find that the motion was in four parts the last part being that "No evidence ... that defendant Lindner Homes, Inc. was guilty of any negligence ..." The issue of the qualifications of witness O'Conner as an expert and lack of proper foundation for his expert opinion was timely and forcefully presented at trial. We find that the trial court was given an opportunity in the motion for directed verdict to consider the issue. However, we find no error.

We review this issue by considering the evidence in the light most favorable to

plaintiffs giving them the benefit of all favorable inferences. *Yoos v. Jewish Hospital of St. Louis,* 645 S.W.2d 177, 183 (Mo.App.1982). Plaintiffs are entitled to a construction of the evidence most favorable to the theory which they submit. *Rakestraw v. Norris,* 478 S.W.2d 409, 417 (Mo. App.1972).

The question of submissibility centers on proof of causation rather than proof of negligence of Roger Wadlow as an agent of appellant. Roger Wadlow admitted he was negligent. In the process of transferring the gasoline he repeatedly spilled gasoline and a fire involving the gasoline fumes resulted. Plaintiffs' burden rested in proving that the negligent act was causal to the casualty and injuries. When a defect in an instrumentality is alleged to be the cause of someone's injuries, the test for submissibility is that probative facts must be adduced to support a finding that the instrumentality was the more probable cause of injury. *Lifritz v. Sears, Roebuck and Company,* 472 S.W.2d 28, 32 (Mo.App. 1971). This evidence must tend to exclude any other reasonable conclusion. *Hale v. Advance Abrasives Company,* 520 S.W.2d 656, 658 (Mo.App.1975). "Plaintiff must only adduce substantial evidence showing that the injury is a natural and probable consequence of the negligent act or omission. If the logical conclusion from the evidence is that if certain things were properly done, certain results would not have occurred, and such results did occur, the question is sufficient to go to the jury." *Delisi v. St. Luke's Episcopal Presbyterian Hospital, Inc.,* 701 S.W.2d 170, 175 (Mo.App.1985).

In the present case, there was evidence of a negligent act in the transfer of gasoline to the gasoline tank of the truck; that the exhaust pipe was red and blue from heat after the truck was operated for a period of time; that the gasoline tank was four to six inches from the manifold exhaust pipe and located directly behind the gas tank (when the truck was viewed from the side). Snapping noises occurred immediately before the fire which burst from underneath the truck near the manifold pipe and gas tank leaving a residue on the tank. Although O'Conner could not testify to exact distances and exact temperatures, he testified that the manifold exhaust pipe generated more than the required 850°. He also testified that the gasoline fumes were heavier than air but could have accumulated so as to have reached the height of the manifold exhaust pipe. Significantly, the basic facts stated in the hypothetical were actually testified to at trial and supported the hypothetical question. Although O'Conner could not give exact distances and temperatures appellant's complaint goes to weight and not admissibility. The factual underpinning of an expert witness' opinion goes to weight and credibility rather than admissibility. *Polk v. Ford Motor Co.,* 529 F.2d 259, 271 (8th Cir.), *cert. denied,* 429 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976). The motion of Lindner, Inc. was properly denied.

Appellant Lindner Homes, Inc. claims to be entitled to a new trial on the following grounds. First, the court erred in refusing to grant a mistrial when a venireman volunteered a remark during voir dire that he was familiar with exhaust pipes and knew that if they got hot enough anything could happen and gasoline vapors could ignite. Second, the court erred in admitting evidence of a previous fire involving a truck operated by a second employee of appellant because the evidence was irrelevant and prejudicial when joined with the expert testimony of Thomas O'Conner and a voir dire incident. Third, it claims that witness O'Conner was not a qualified expert and the court erred in admitting his testimony as such. Fourth, because the burden of proof instruction erroneously shifted part of the burden of proof to appellant where there was no affirmative defense pleaded. Fifth, the verdict directing instructions were improper submissions because they were vague, argumentative and did not require the jury to find the ignition source of the fire but rather assumed the disputed fact that the exhaust system of the truck ignited the fire by assuming essential facts

not supported by the evidence with the result that general negligence was submitted in contravention to our opinion in *Wadlow I.* Sixth, the court erred in failing to give appellant's instructions based on the theory that Rodney Wadlow was a trespasser which would exonerate appellant from liability. Seventh, and last, the court erred in permitting plaintiff to argue liability against Lindner, Inc. on the theory of providing dangerous instrumentalities, a theory that was neither pleaded nor submitted to the jury.

The venireman incident developed during defendant Lindner, Inc.'s inquiry. The topic was flammability of gasoline. It had been developed that venireman McKinn had pumped gas for an oil company and was an eighteen-year employee of General Motors in the assembly department. Then venireman Capritta told of operating a service station with towing and "all that goes with a service station" without any serious fires involving gasoline. Capritta had some knowledge of flammability of gasoline. It was then asked,

> [DEFENSE COUNSEL]: All right. Has that been the result of having been in business for seventeen years or do you also have training beyond that?
> VENIREMAN CAPRITTA: My knowledge is in service.
> [DEFENSE COUNSEL]: Anybody else?
> VENIREMAN McKINN: May [sic] years I have been pumping gas, I used to smoke a cigarette and pump gas, nothing happened, but right now today I don't smoke when I pull up to pump, if it's a can possibly.
> [DEFENSE COUNSEL]: You never had any problems or anything?
> [VENIREMAN McKINN]: I never had any problem. On a manifold, a manifold gets hot enough, gasoline will ignite.
> [DEFENSE COUNSEL]: You just have to answer the questions.

Counsel then approached the bench to request the court to strike the panel. The trial court first observed that the statement was volunteered and then discharged McKinn for cause but refused to discharge

the panel. It found no undue prejudice to the defendant and said, "... and the court wants to state for the record that the statement made by the juror is a fact that most any person that had any dealings with any mechanical—automobiles, would realize that a manifold might be hot and would ignite gas ..."

 An uninvited highly improper or inflammatory remark by a prospective juror in a civil case may require a new panel. *Cluck v. Snodgrass,* 381 S.W.2d 544, 552 (Mo.App.1964). However, the degree of improper or fact of prejudice is largely a matter of trial court discretion. *Id.* at 552. McKinn stated as a fact that, "On a manifold, a manifold gets hot enough, gasoline will ignite." Plaintiff offered evidence that the exhaust manifold could reach ignition temperature and defendants offered evidence to the contrary. Defendants' expert, Kelsey, Jr., said it was impossible for an exhaust pipe to exceed 300° and exhibited video tests demonstrating that gasoline poured directly on a truck exhaust pipe after operation would not ignite. The impact of McKinn's statement on a juror and prejudice is doubtful. The subject matter of the statement was fully tried. We find no prejudice to the defendant and no abuse of discretion by the trial court. *Cluck,* 381 S.W.2d at 552.

 Defendant's second claim of error for a new trial challenges testimony by a co-employee of Wadlow as irrelevant. Over defendants' relevancy objection the jury heard testimony of Raymond Young about his experience with a fire involving his truck which occurred in April of 1979. Young was also an employee of defendant Lindner, Inc. and did the same type of work as Roger Wadlow. The testimony was offered as relevant to the knowledge of defendants on the danger of salvaging gasoline from storage vehicles. Young said he told Mr. Lindner of his fire and changed his method of transferring gasoline so as to reduce spillage. His truck had the same exhaust system and gasoline tank configuration in relation to the ex-

haust system as defendant Wadlow's. His fire occurred just after a gasoline filling operation and after his truck had been operated continuously for seven hours.

We find the evidence of prior fire was not irrelevant to a disputed issue. Foreseeability was an issue and knowledge of defendant was relevant to foreseeability. *Blevins v. Cushman Motors*, 551 S.W.2d 602, 607 (Mo. banc 1977). The similarities in the trucks involved in each fire were sufficient to warrant the admission of the evidence on the issue of notice of danger. Young was not permitted and did not testify that the exhaust pipe was the cause of his fire.

Third, defendants contend the testimony of Thomas O'Conner was inadmissible because he was not qualified as an expert. O'Conner testified as an expert and said the heat of the exhaust system caused the fire. Our previous discussion on submissibility disposes of defendant's contention that the court erred in permitting his opinion testimony as an expert.

Fourth, the court gave a burden of proof instruction following MAI 3.01 [1981 revision]. The instruction included the statement, "The burden of causing you to believe a proposition of fact is upon the party whose claim *or defense* depends upon that proposition." There was no objection to the instruction until Lindner, Inc.'s motion for new trial. The claim of error is the inclusion of "or defense" where no affirmative defense was pleaded and no affirmative defense instructions were given. An affirmative converse instruction was given at defendant Lindner, Inc.'s request. Under the MAI 1981 revision of 3.01 "or defense" is bracketed and footnoted to be given "when an affirmative defense is submitted." It is well settled that the Notes on Use to MAI must be followed. "Furthermore, a failure to follow the Notes on Use 'may be parenthetically and almost invariably is reversible error.'" *Beers v. Western Auto Supply Company*, 646 S.W.2d 812, 814 (Mo.App.1982).

Defendant Lindner submitted affirmative converse instructions on the claims of both plaintiffs in separate packages. The affirmative converse reads "Your verdict must be for defendant if you believe Roger Wadlow's cigarette lighter directly caused any damage plaintiffs may have sustained." These instructions were based on evidence that Roger Wadlow was a cigarette smoker and a cigarette lighter was found on the ground in the area of the fire. Defendant Roger Wadlow denied that he or Rodney had the lighter or its use at the time of the fire. He was plaintiffs' witness. Because of the affirmative converse which depended upon an inference of use of the cigarette lighter as the cause of the fire, a proposition argued by the defendant Lindner, Inc. but denied by plaintiffs, we find no prejudicial error. We do not approve the addition of the words "or defense" in the absence of an affirmative defense where an objection is lodged to its use during the instruction conference. We hold only that in the absence of objection and where an affirmative converse is given which depends upon a proposition argued by defendant the addition of that provision was not prejudicial in the present case.

Fifth, Lindner, Inc. claims plaintiffs' verdict directing instructions were reversibly erroneous. Plaintiffs' verdict directing instructions were contested before submission, in Lindner, Inc.'s motion for new trial and before this court. These instructions were as follows:

INSTRUCTION NO. 9 [and 13]

Your verdict must be for plaintiff Rodney Wadlow against defendant Lindner Homes, Inc. doing business as Missouri Auto Storage Pool if you believe:

First, Roger Wadlow was acting within the scope and course of his agency for Lindner Homes, Inc. doing business as Missouri Auto Storage Pool on July 12, 1979 at and immediately prior to the time of the fire on July 12, 1979 mentioned in the evidence, and

Second, Roger Wadlow on July 12, 1979 spilled gasoline while pouring gasoline from a five gallon gas can into the 1978 GMC truck gas storage tank men-

tioned in the evidence and thereby allowed gasoline to wander about and gasoline vapors to accumulate and come into contact with sufficient heat from the truck's exhaust pipe to cause ignition of said gasoline or gasoline vapors which produced the July 12, 1979 fire mentioned in the evidence, and

Third, Roger Wadlow was thereby negligent, and

Fourth, as a direct result of such negligence, plaintiff Rodney Wadlow sustained damage.

The instructions appear to be patterned after MAI 18.01 together with MAI 17.01, modified. Defendant Lindner, Inc.'s objections to the instruction relate to paragraph Second.

The immediate objection before submission was that the instruction gave the jury a roving commission and was more in the line of a res ipsa type instruction. *See,* MAI 31.02(3). Particularly, the objection was that it did not require a finding of foreseeability and permitted the jury to speculate as to what happened. In the motion for new trial, defendants claimed that the instruction gave the jury a roving commission because it did not hypothesize any finding of foreseeability in regard to the alleged negligent acts of Roger Wadlow. In addition, it is claimed that use of "allowed gasoline to wander about" was contrary to the evidence because the jury may consider that it wandered all the way to the engine where even defendants' expert testified temperatures exceeding 850°, the ignition point of gasoline vapors, were possible. Further, the instructions gave the jury an opportunity to speculate that gasoline may have come in contact with the exhaust system when the only evidence was that gasoline vapors and not gasoline came into contact with the truck exhaust system. Finally, the instruction violated our holding in *Wadlow I* because it did not submit specific acts of negligence. In summary, Lindner, Inc. claims the instruction permitted the jury to assume the vapors ignited from the exhaust pipe but did not require the jury to find or determine the ignition source of the fire.

The claim before this court is that the instructions were vague, argumentative, and encouraged the jury to look outside the evidence for the cause of the fire but failed to require the jury to find the ignition source of the fire was the truck because the instruction assumes the truck ignited the fire. The contention of failure to submit foreseeability is also argued.

The verdict directing instructions, particularly paragraph Second are imperfect. It was unnecessary to require the jury to find that Roger Wadlow spilled gasoline while pouring gasoline into the truck. That was an uncontested fact. Paragraph Second could have been drafted to provide that *when* Roger Wadlow spilled gasoline it ran downhill crossing the top of the gas tank under the side and back into the frame area of the truck and gasoline vapors accumulated under the truck in the area of the gasoline tank and manifold exhaust pipe and the manifold exhaust pipe ignited the gasoline vapors which produced the fire. A submission in this form follows the hypothetical question put to O'Conner. An instruction in this form would have required a finding of a specific act of negligence and causation from the act. Clearly, "wander about" is imprecise. However, we find no misdirection and no prejudicial error in the instruction.

■ Although the spillage was undisputed it is of little consequence that the jury found the undisputed fact in the conjunctive with the result of spillage. The jury was required to find spillage and gasoline wandering about and accumulation of vapors and contact with the exhaust pipe "to cause" ignition of gasoline vapors which produced the fire. The jury was also required to find under paragraph Third that the spillage was negligent and under paragraph Fourth that the negligence was causal to the injuries sustained. This was not a res ipsa instruction. A mix of gasoline vapors and heat of 850°, or more, will cause a fire. It is not an unusual occurrence which does not ordinarily occur ab-

sent due care. Submission of a single theory of recovery in the conjunctive may require several findings of fact in combination which may be submitted in the conjunctive. *Cannada v. Moore*, 578 S.W.2d 597, 603–604 (Mo. banc 1979). The negligent act and vapor contact with ignition temperature were found to be the cause of the fire.

There was no requirement that plaintiffs submit the issue of foreseeability and the instruction was not prejudicially defective for failure to submit the issue. MAI 17.01 does not provide submission of the issue and it has been held that where it is undisputed that the dangerous condition was caused and created by defendant's employee the verdict directing instruction need not contain a finding of knowledge and appreciation of danger which is the primary element of foreseeability. *Cline v. Carthage Crushed Limestone Company*, 504 S.W.2d 102, 111 (Mo.1973). Under that circumstance, it follows that the defendant had knowledge. In the present case, defendant's employee, Roger Wadlow, admitted he was negligent in handling and spilling the gasoline.

We also reject the contention that the use of "wander about" was prejudicial because it was vague and contrary to the evidence. In itself, the expression was imprecise but in the conjunctive the jury also had to find that the resulting gasoline vapors contacted the exhaust pipe which caused ignition. This excluded consideration that any part of the truck other than the exhaust pipe was causal. The testimony of O'Conner was that the gasoline accumulated and came into contact with the exhaust pipe which maintained a temperature of at least 850°. This evidence supported the submission and any ambiguity from the use of the expression "wander about" was cured by the conjective submissions of vapor accumulation and contact with the exhaust pipe. The use of the expression "sufficient heat" was adequate given that the evidence of both plaintiffs and defendant was that the ignition point

of the gasoline vapor is 850°. The ignition temperature was not in dispute.

There was no evidence that gasoline came into contact with the exhaust pipe. However, the contact of gasoline or gasoline vapors was in the disjunctive and we perceive no prejudice to defendant by the inclusion of contact by gasoline. Defendant's expert testified that neither liquid gasoline nor gasoline vapors would ignite from an exhaust pipe which could not reach temperatures in excess of 300°. We do not read the instruction to require the jury to assume without finding that the exhaust pipe ignited the accumulated gasoline vapors. Plaintiffs' expert testified that the exhaust pipe temperature was at least 850°; that the accumulated gas vapors came into contact with the pipe and that this caused the fire. The instruction required the jury to find those facts and that the presence of the gasoline vapors were the result of Roger Wadlow's negligence and were causal to the injuries. Although the instruction is not a model it was legally sufficient.

Sixth, the court refused defendant's offered instruction for each plaintiff that the verdict must be for the defendant if the jury believed that Rodney Wadlow did not have Lindner Homes, Inc.'s permission to be at defendant's premises on the date of the casualty. Defendant's property was fenced off from the general public. The gate was open only during business hours. Signs near the drive restricted the public from entering the premises. Donald Lindner testified that the defendant never condoned or agreed to let any children out on the lot where the abandoned vehicles were located and where the fire occurred. It is defendant Lindner's theory that a trespasser has no right to recovery, because a trespasser's presence is not to be anticipated, and therefore, a property owner has no duty to take precautions for the trespasser's safety. *Paisley v. Liebowits*, 347 S.W.2d 178, 182 (Mo.banc 1961). The offered instructions were in the nature of an affirmative defense which further justifies the burden of proof instruction in the form given.

■ We decline to review this issue because the instructions offered and refused are not incorporated in defendant Lindner, Inc.'s brief. This was argued in plaintiffs' brief and the instructions were not included in a reply brief. There was evidence that the children of various employees, including Rodney Wadlow, were on the premises from time to time with the knowledge of Donald Lindner. There was no evidence that he specifically instructed any employees, including Roger Wadlow, to exclude children from the premises. It is not clear from defendants' evidence that Rodney was a trespasser. There is an exception to the rule of non-liability to a trespasser where the possessor of land must exercise ordinary care under the circumstances for the safety of a known trespasser as to any active operations that the possessor may carry on. *Stevens v. Missouri Pacific Railroad Company*, 355 S.W.2d 122, 128–129 (Mo.1962). Where a trespasser is a child more vigilance and caution is required. *Norwood v. Lazarus*, 634 S.W.2d 584, 587 (Mo.App.1982). This issue was not pleaded as a defense and was not preserved on appeal.

Finally, defendant Lindner Inc. complains of the following argument:

Should Rodney recover or shouldn't he. We suggest that based on the evidence, a can that you couldn't pour properly out of it without the gurgling truck that had the gas tank rotated, immediately—

[DEFENSE COUNSEL]: Object, it's beyond the scope of the instructions.

THE COURT: Overruled. Ladies and gentlemen, of the jury, be governed by your recollection of the testimony. Go ahead, sir.

. . . . .

So we say that the central theme of this case is the corporate negligence. They just didn't give him the equipment, the[y] didn't give the proper instructions.

[DEFENSE COUNSEL]: Your Honor, can my objection to this line of argument run so I don't have to keep interrupting?

THE COURT: It shall be shown as a continuing objection.

[DEFENSE COUNSEL]: Beyond the scope of the instructions and the pleadings.

THE COURT: Same ruling.

■ Plaintiffs did not plead and no instruction was given on the theory that the defendant Lindner, Inc. was negligent for supplying improper tools to its employee, Roger Wadlow. It is improper to inject issues which have not been pleaded. *Smith v. Courter*, 531 S.W.2d 743, 746 (Mo.banc 1976). Plaintiffs' pleaded theory was that the defendant Roger Wadlow was negligent and that defendant Lindner Inc. was liable as his employer. Plaintiff justifies the argument as a broadly based appeal to the jury used to simplify the legal doctrine of respondeat superior. The argument alludes to a theory of direct liability which was not pleaded. The evidence that all employees spilled gasoline by using the furnished tools including the gasoline can and the absence of a funnel or hose was before the jury without objection.

■ Ordinarily the trial judge is in the best position to gauge the effect of the propriety of closing argument, *Robbins v. Brown-Strauss Corp.*, 363 Mo. 1157, 257 S.W.2d 643, 648 (Mo.1953), and the trial court is given considerable discretion in ruling on matters dealing with closing argument. *Weinbauer v. Berberich*, 610 S.W.2d 674, 678 (Mo.App.1980). Solely because the evidence was before the jury without objection and related to the negligent acts of Roger Wadlow as an employee we find no prejudice in the trial court's ruling. The verdict directing instruction made no mention of defective equipment or failure to instruct employees on safety matters. We presume that the jury followed the instructions and find no prejudice from the argument which mentioned both elements of the negligent acts of Roger Wadlow and matters of direct negligence of defendant Lindner, Inc.

Plaintiffs cross-appeal. They claim error because the trial court order sustained defendant Donald Lindner's motion for directed verdict at the close of the plaintiffs'

case. Plaintiffs claim that defendant Lindner's motion was insufficient under Rule 72.01(a) and that a submissible case was made against the individual defendant Donald Lindner for negligence in furnishing dangerous equipment including the truck, gas can and gas pump for use in transferring gasoline from disabled vehicles to a tow truck.[1]

Rule 72.01(a) requires that a motion for directed verdict state specific grounds. The present motion alleged that plaintiffs failed to make a submissible case; that the evidence failed to establish that Rodney Wadlow sustained injuries or damages; that plaintiffs were the sole cause of any injuries or damages; and, that there was no evidence upon which a jury could be entitled to find defendant Donald Lindner guilty of any negligence which caused or directly contributed to cause injuries to Rodney Wadlow. The motion was considered together with arguments of counsel and the issue was understood by the trial court who granted the directed verdict. It was proper to consider the circumstances with the motion. *King v. Clifton,* 648 S.W.2d 193, 196 (Mo.App.1983). The motion was sufficient.

We reject this claim for a further reason. Count I was the products liability claim against General Motors. Count II which alleged an intentional tort for recklessly furnishing a dangerous product *was pleaded in the alternative to Count I* and asked relief against defendant General Motors as the manufacturer of the defective product, defendant Herrin for fabricating, designing and installing a replacement gasoline tank; defendant Lindner Homes, Inc. and defendant Donald Lindner, as having actual knowledge of the defect in design and construction but who furnished the dangerous truck for the use of Roger Wadlow. The gas can and gas pump involved in the casualty were not alleged to be hazardous tools. The motion therefore went only to the truck. Count III for negligence was in the alternative to Counts I and II. Plaintiff Rodney Wadlow recovered under Count III and plaintiff Brenda Wadlow recovered under Count IV. Plaintiffs did not submit Count II against any defendant. This count was in the alternative to the counts on which plaintiffs recovered. We find no error in the order directing a verdict in favor of defendant Donald Lindner on Count II.

The judgment is affirmed on the appeal of defendant Lindner Homes, Inc. and plaintiffs' cross-appeals.

SIMON and GARY M. GAERTNER, JJ., concur.

---

**1.** Count II of the petition does not mention gas can or gas pump. It alleges only that all defendants furnished a defective truck.