

**NUMBER 13-07-502-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**HUGO XAVIER DE LOS SANTOS,** **Appellant,**

**v.**

**DONNA JOHNSON,** **Appellee.**

**On appeal from County Court at Law No. 2
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Vela**

This is an appeal from a trial court order striking appellant, Hugo Xavier De Los Santos's, pleadings as a sanction for discovery abuse. The judgment awards appellee, Donna Johnson, $4,699.50, plus interest, attorney's fees and conditionally awards appellate attorney's fees. By twelve issues, appellant complains of the trial court's

sanctions order as well as the court's orders denying his motion to transfer venue, denying his plea in abatement, and denying his motion for continuance. We affirm.

THE UNDERLYING CASE

Donna Johnson is a vocational rehabilitation counselor. Appellant is an attorney. Johnson filed a sworn account against appellant in 2005, to recoup fees she claimed she earned by serving as an expert in a medical malpractice case in which appellant was representing John Hess.

The facts regarding Johnson's engagement are hotly disputed. For instance, appellant claims that Johnson solicited employment from him in San Antonio, even though it is undisputed that appellant first called Johnson, a Corpus Christi resident, for her assistance in the underlying medical malpractice action. The crux of appellant's claim is that he does not owe Johnson the money she claims she is owed for services performed. Appellant contends that Johnson agreed to look only to Hess, his client, for payment of her expert fees. Conversely, Johnson denies agreeing to look solely to the client for payment. Johnson also claims she was not told when appellant first called her on October 9, 2003, that he needed her to produce a report within twenty-four hours. Yet, she claims she prepared a report to meet the October 10 deadline, later traveled to San Antonio to meet with Hess, and prepared and forwarded appellant a supplemental report, dated May 17, 2004, along with her bill. Appellant sent additional medical records for her to review and Johnson contends she was asked to prepare for her deposition that was later cancelled.

Appellant denied Johnson's claims, urging that she agreed to look to Hess for payment. He later expressed some dissatisfaction with the work she performed on the case. When he failed to pay the bill, Johnson filed suit against appellant for $4,699.50, for

2

personal services she rendered. In response, appellant filed a motion to transfer venue to Bexar County, denied that there was an agreement between Johnson and him, and asserted affirmative defenses of estoppel, accord and satisfaction, laches, unreasonable and unnecessary charges, and limitations.

DISCOVERY DISPUTE

The case was originally tried on May 3, 2006, and judgment was rendered for Johnson. Thereafter, the trial court granted appellant's motion for new trial. The reasons for granting the new trial are not discussed by either party in their respective briefs. After the new trial was granted, discovery disputes continued. One of the main disputes involved taking Hess's deposition. Another was an attempt to get the redacted engagement agreement between Hess and appellant. Johnson sought this portion of the agreement because appellant was refusing to pay her for her services based on appellant's purported agreement with Hess which required him to pay expenses of litigation. Although ordered to produce the redacted portion of the agreement in camera, he refused. The document, which formed the basis for appellant's decision not to pay Johnson, was never produced either as part of a confidentiality agreement, in an in camera inspection, or otherwise.

After a year or more of disputes over various discovery matters, on March 26, 2007, the trial court held a hearing on Johnson's motion for sanctions. At the hearing, the court asked counsel for appellant if he brought the redacted portion of the engagement agreement to the sanctions hearing. The court swore appellant as a witness and asked him to specify the terms of the agreement. He refused, stating it was privileged. Counsel for appellant also agreed that the document or any portion of it was never produced for in

3

camera inspection, even though production had been ordered. After allowing both sides

to fully present their arguments, the trial court entered a lengthy order where it found the

following violations, as well as others not discussed here:

> 1. Appellant had not complied with the trial court's discovery order of February 23, 2007 in several respects.
>
> 2. Appellant abused the discovery process by resisting discovery in filing responses, answers and objections that were unreasonably frivolous, including numerous objections raised by appellant in response to requests for production.
>
> 3. Appellant de-designated expert witnesses after his objections to requests for production had been overruled. The court found that appellant had designated six new experts, causing delay and needlessly increasing the cost of litigation.
>
> 4. Appellant failed to comply with the trial court's order of January 11, 2006, ordering production of specified documents described in an exhibit attached to that order. Appellant did not assert any privilege or tender any documents for in camera inspection.
>
> 5. Appellant falsely responded that he had no documents in response to requests for disclosure asking for the agreement between appellant and Hess regarding proceeds which have been escrowed to pay the claim and settlement agreement reached in connection with the Hess malpractice lawsuit.
>
> 6. Appellant consistently hindered the discovery process by failing to produce the original bill faxed to him by Johnson which would have shown the date he received it, failing to produce the redacted portion of the engagement letter allegedly obligating Hess for payment of expert witness expenses, failing to respond to direct questions from the Court about the agreement with Hess about the expenses, refused to hand over documents that criticized Johnson's work and refused to allow Hess to testify about any of the above referenced matters.

The court found that the undisclosed documents were relevant in light of appellant's

defense that he was not obligated to pay Johnson because the obligation was his client's.

The trial court noted that appellant was an experienced attorney who was familiar with the

4

litigation process and understood how discovery abuses can substantially increase the burdens on an adverse party, particularly in a controversy that was less than $5,000. The court also found that it had imposed lesser sanctions and that they had failed. For instance, the order states:

1. In an order dated January 11, 2006, the court ordered appellant to present himself for deposition at his cost.[1]

2. In an order dated January 30, 2006, the court denied appellant the right to introduce any documentary evidence that should have been produced in his deposition, but was not.

3. In an order dated January 22, 2007, the court ordered appellant to produce Hess for continuation of his deposition in Corpus Christi at appellant's additional cost, instead of San Antonio. The court also imposed the additional costs of the deposition and video services on appellant.

4. In an order dated February 20, 2007, the court reordered the deposition of Hess, production of the responsive documents and warned appellant that it was withholding further orders or sanctions pending a further hearing.

The court ordered the sanctions pursuant to both the Texas Rules of Civil Procedure and the trial court's inherent power to sanction.

STANDARD FOR SANCTIONS

An appellate court reviews a trial court's ruling on a motion for discovery sanctions for an abuse of discretion. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *See id.* at 839. An appellate court reviews the entire record, including the evidence, arguments of counsel, written discovery on file, and

---

[1]Johnson urges that appellant did not include several pertinent orders and hearings conducted by the trial court. Although we ordinarily presume those in favor of the trial court's order, we believe there is sufficient evidence before this Court, without taking those missing documents and hearings into consideration, to uphold the trial court's sanctions order.

the circumstances surrounding the party's discovery abuse. *Response Time, Inc. v. Sterling Commerce (N. Am.), Inc.,* 95 S.W.3d 656, 659 (Tex. App.–Dallas 2002, no pet.).

Discovery sanctions are authorized by Texas Rule of Civil Procedure 215. *See* TEX. R. CIV. P. 215. If a party fails to comply with an order compelling discovery or abuses the discovery process, a trial court is authorized to strike the party's pleadings or render a judgment by default after notice and a hearing. *See* TEX. R. CIV. P. 215.2(b)(5), 215.3. Any sanction that adjudicates a claim and precludes the presentation of the merits of the case constitutes a "death penalty" sanction. *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 845 (Tex.1992); *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 918 (Tex.1991). Discovery sanctions serve three purposes: (1) to secure the parties' compliance with the discovery rules; (2) to deter other litigants from violating the discovery rules; and (3) to punish parties who violate the discovery rules. *Response, Inc.,* 95 S.W.3d at 660. Although the choice is left to the sound discretion of the trial judge, the sanctions imposed must be just. *See* TEX. R. CIV. P. 215.2; *Cire,* 134 S.W.3d at 839; *Response Time,* 95 S.W.3d at 660. In order for a sanction to be just (1) it must have a direct relationship with the offensive conduct, i.e., it must be directed toward remedying the prejudice to the innocent party and (2) it must not be excessive, i.e., the trial court must consider the availability of less stringent sanctions and whether those lesser sanctions would promote full compliance. *See Cire,* 134 S.W.3d at 839; *TransAmerican,* 811 S.W.2d at 917; *Response Time,* 95 S.W.3d at 660.

Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that

6

the party's claims or defenses lack merit. *TransAmerican,* 811 S.W.2d at 918. However, if a party refuses to produce material evidence, despite the imposition of lesser sanctions, the trial court may presume that an asserted claim or defense lacks merit and dispose of it. *Id.*

### ANALYSIS

By appellant's issues one through four, he argues that the trial court abused its discretion in entering death penalty sanctions because there was no showing of discovery abuse, there was no direct relationship between the conduct and the sanction, the sanction was excessive and unjust, and the court did not consider lesser sanctions.

The trial court's order enumerates numerous and specific incidents of discovery abuse, including violations of the trial court's prior orders and giving false answers to discovery. The relationship between the conduct and the sanction is clear. Appellant claims he did not owe Johnson the money. Rather, he claims that his client was to pay her expenses. Yet, he did not produce the document that would have shown, one way or another, what the agreement entailed. If the document was privileged, appellant should have either properly preserved the privilege or he should have produced the document in a manner to retain the privilege. He did neither. In addition, the sanctions order was directed to appellant's violation of multiple orders. The trial court's order was imposed directly on the offender, not his attorney for this dispute. The trial court did not abuse its discretion in this regard. Similarly, the trial court's sanctions were not excessive.

The trial court's order set forth the instances wherein it had issued lesser sanctions. In *Cire*, the supreme court discussed that a lesser sanction may be an order charging all or a portion of the expenses of discovery on the disobedient party. *Id*. at 839. The trial

7

court's order states that it was requiring appellant to pay deposition costs that would not ordinarily have been borne by him. Discovery sanctions cannot be used to adjudicate the merits of a party's claim or defense unless the hindrance justifies a presumption that its claims or defenses lack merit. *Id*. at 839. Here, the trial court was not rash. It ultimately determined that appellant's conduct was flagrant and callous, but, the trial court did not award death penalty sanctions until many of its orders had been violated in a case that began as a simple sworn account to recover less than $5,000. Again, we find no showing that the trial court abused its discretion. Appellants's issues one through four are overruled.

By appellant's fifth issue, he argues that the trial court erred in compelling the testimony of Hess, his client in the medical malpractice case. The record reflects that appellant entered into a Rule 11 agreement to produce Hess. Regardless, the trial court did not direct any sanctions against Hess, nor did the court grant or deny Hess any relief in the sanctions order. Even if the trial court erred in determining that appellant had the right to control Hess, there were numerous transgressions that supported the trial court's sanctions order against appellant. We overrule issue five.

Appellant's six, seventh, and eighth issues urge that the trial court abused its discretion in ordering Hess to produce documents, in denying appellant's rehearing of Johnson's motion to compel because the documents sought were privileged and in denying his request for an in camera inspection of documents it claims were privileged. From our review of the record it does not appear that appellant ever presented evidence to the trial court or initially tender documents to the trial court so that a determination with regard to privilege could be made. Once appellant made an in camera tender of only a few of the

8

requested documents, it was clear to the trial court that the documents tendered were not privileged. Again, appellant never tendered the engagement letter or the redacted version of the engagement letter to the trial court for a determination of privilege. The record also shows that appellant was allowed an in camera inspection of documents. No abuse of discretion is shown. Appellant's sixth, seventh, and eighth issues are overruled.

By appellant's ninth issue, he complains of the trial court's denial of his motion to transfer venue from Nueces County to Bexar County. Johnson, as the plaintiff, chose to file suit in Nueces County. Generally, venue is the plaintiff's choice. *In Re: Continental Airlines*, 988 S.W.2d 733 (Tex. 1988). Suit may be brought in any county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1) (Vernon 2002). Johnson's affidavit states that except for visiting with Hess in San Antonio, all activities were conducted in Nueces County. Considering the record as a whole, the trial court did not err in denying the motion to transfer venue. *See id.* § 15.064(b). We overrule issue nine.

In issue ten, appellant argues that the trial court abused its discretion in denying his plea in abatement because his client, Hess, was an indispensable party. A review of the record shows that appellant did not introduce any evidence with respect to his plea. The trial court did not abuse its discretion in denying the plea. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). The plea was also requested at a time when appellant had shown up for the first trial about forty-five minutes after trial was scheduled to began. Issue ten is overruled.

By issue eleven, appellant urges that the trial court erred in making the monetary

awards that it did. The amount awarded with respect to the sworn account was amply supported. Likewise, the attorney's fees in this case were awarded as sanctions, which does not require proof of reasonableness or necessity. *Brantley v. Etter*, 677 S.W.2d 503, 504 (Tex. 1984); *see also Condit v. Gonzalez*, No. 13-04-426-CV, 2006 WL 2788251, *12 (Tex. App.–Corpus Christi, September 28, 2006, pet. denied) (mem. op.). Regardless, the trial court did not abuse its discretion in the amount of fees it awarded.

In issue twelve, appellant complains that the trial court abused its discretion in granting his motion for continuance. There was no written motion filed of record. An oral motion unsupported by an affidavit will not satisfy the requisites of Texas Rule of Civil Procedure 251. *See* TEX. R. CIV. P. 251. Generally, when a movant fails to comply with rule 251's requirement that a motion for continuance be supported by affidavit, there is presumption that the court did not abuse its discretion in denying the motion. *Villegas v. Carter*, 722 S.W.2d 624, 626 (Tex. 1986). Because appellant's motion did not comply with the rules of civil procedure, there was no abuse of discretion.

CONCLUSION

The judgment of the trial court is affirmed.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 28th day of August, 2008.