**M.D. AND ASSOCIATES, INC. and Paul D. Hogg, Plaintiffs–Appellants,**

v.

**SEARS, ROEBUCK AND COMPANY, Defendant–Respondent.**

No. 15340.

Missouri Court of Appeals, Southern District, Division Two.

May 2, 1988.

what they claimed they could have rented the premises for, had defendant vacated the premises. During the term of the lease ownership of the property and the right to receive the rental payments were transferred to plaintiff Paul D. Hogg. Defendant claims that it validly exercised its option to extend the lease and thus denied it was liable for any additional amount. Following nonjury trial judgment was entered for defendant. Plaintiffs appeal.

Under Rule 73.01 our standard of review of a nonjury trial is to sustain the judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The question presented is whether defendant gave timely notice of its option to extend the term of the lease. Plaintiffs contend that the notice was sent to the wrong address and never received.

The lease provided that all notices in connection with the lease "shall be sent, and shall be deemed given when sent, by registered mail, postage prepaid, return receipt requested; and if given by Tenant to Landlord, shall be addressed to Landlord at the place herein provided for the payment of rent". The lease provided that rental payments were to be paid to M.D. and Associates, Incorporated at 1901 Sunset, Poplar Bluff, Missouri 63001 "until such address is changed by written notice from Landlord." The lease was dated July 30, 1979.

G.H. Terando, G.H. Terando & John Thomas Welch, Poplar Bluff, for plaintiffs-appellants.

Mark L. Richardson, Friedewald, Chadwick, Clark and Richardson, for defendant-respondent.

PREWITT, Presiding Judge.

Plaintiffs claimed that the defendant improperly retained possession of a building that M.D. and Associates, Inc. leased to defendant after the term of the lease had expired. They sought damages based on

On October 12, 1982, by letter, defendant was advised to "change the mailing address for M.D. & Associates to Paul D. Hogg, c/o McLane Investment Co., P.O. Box 397, Poplar Bluff, Missouri 63901". The letter was signed, "Paul D. Hogg M.D. and Associates, Inc."

On December 20, 1982, a letter to defendant, signed by Hogg as president of M.D. and Associates, Inc., stated that he was buying the property and requested defendant to mail all rent checks to him in care of a vice president of a bank at Poplar Bluff

located at 200 South Main Street. In response a representative of defendant advised Mr. Hogg by letter that defendant would need documentation verifying the transfer to him.

On February 27, 1984, by registered mail, return receipt, defendant advised by letter that it was exercising its option to extend the lease. The letter was sent to:

"Paul D. Hogg

c/o McLane Investment Co.

P.O. Box 397 75230

Poplar Bluff, Missouri 63901"

The return receipt was signed by Paula Fraley who worked with Mr. Hogg. The post office box was rented by Dr. McLane, their employer.

■ Generally if a lease specifies the kind of notice and the manner in which it is to be given for lessee to exercise an option to extend the term there must be compliance with it in order to bind the lessor. *James v. Hutchinson*, 211 S.W.2d 507, 511 (Mo.App.1948). However, even though such notice might not have complied with the provisions in the lease, if it was actually received within the specified time it is sufficient. *Woods v. Cities Service Oil Co.*, 142 So.2d 168, 169 (La.App.1962); *General Telephone Co. v. C–3 Associates*, 32 Wash.App. 550, 648 P.2d 491, 492 (1982); 51C C.J.S. Landlord & Tenant § 62(2)(d), p. 198 (1968). See also *Macon–Atlanta State Bank v. Gall*, 666 S.W.2d 934, 940 (Mo.App.1984) (generally, one having actual notice may not complain of the failure to receive statutory notice).

For several months before the notice was sent plaintiff Hogg received rent checks from defendant at Postal Box 397. For much of that time this and other mail for him was picked up at the box by Paula Fraley, taken to the office where both she and Hogg worked and either given to Hogg or put on the end of a conference table which served as his desk. It was there that he regularly picked up or examined his mail. Ms. Fraley acknowledged that it was her signature on the return receipt.

■ The trial judge was justified in finding that Ms. Fraley was Hogg's agent with authorization to pick up his mail. She had been doing so for several months before the notice and several days after without any complaints to her or anyone else. It was the regular procedure and the trial court could have found that if not by express authority, then at least by acquiescence, plaintiff Hogg allowed and authorized her to do so.

■ The existence of agency and the authority of an agent can be implied by proof of facts, circumstances, words, acts, and the conduct of the party to be charged with the agency. *Wilks v. Stone*, 339 S.W.2d 590, 595 (Mo.App.1960). The prior conduct of the parties is a factor to be taken into account if such conduct is a part of the circumstances surrounding the transaction. *Id.*

■ Implied or inferred agency is authority given implicitly by the principal to his agent, circumstantially proved, or evidenced by conduct, or inferred from a course of dealing between the alleged principal and agent. *Dudley v. Dumont*, 526 S.W.2d 839, 844 (Mo.App.1975). The key to authority implied from course of conduct is the knowing acquiescence of the principal in the past acts. *Id.* at 845. See also *National Plumbing Supply Co. v. Torretti*, 237 Mo.App. 570, 175 S.W.2d 947, 951 (1943). (Conduct with reference to the particular subject matter and a previous course of dealings relevant in determining agency).

■ As Hogg's agent it could be that the return receipt signed by her is sufficient to show notice was received by Hogg. A return receipt is prima facie evidence of the delivery of the letter on the date shown on the return receipt. *Crain v. Webster Electric Cooperative*, 568 S.W.2d 781, 786 (Mo.App.1978). See also *Medicine Shoppe International, Inc. v. J–Pral Corp.*, 662 S.W.2d 263, 269 (Mo.App.1983).

■ In addition there was evidence that the letter would have been handed to Hogg or placed on his "desk" where he received his mail. The trial court was justified in finding that he personally got it and did not have to believe his testimony that it was

not received. Hogg would have benefited financially if the lease was not extended and he had received all of the rental payment checks which defendant sent to the same address. The court did not have to believe that he had not received the notice.

It was not necessary to show that Hogg opened the envelope containing the letter notice. The delivery of a letter to one capable of reading it is sufficient to support an inference that the letter was read. When that occurs the trier of fact may find that the addressee acquired actual notice of its contents. *James v. Hutchinson,* supra, 211 S.W.2d at 510.

The trial court was justified in finding that plaintiff received actual notice of defendant's desire to extend the lease either through the receipt of notice by his agent Paula Fraley or by Hogg personally receiving it. It is not necessary for us to decide whether defendant could require documentation establishing the transfer of the property and lease before it was obligated to mail the checks and any notices to another address.

The judgment is affirmed.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.