Cathy SHANNON, Respondent,

v.

William V. WELCH, Appellant.

No. WD 46609.

Missouri Court of Appeals,
Western District.

June 22, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 27, 1993.

Roger Martin Prokes, Maryville, for appellant.

Glen Alan Dietrich, Maryville, for respondent.

Before LOWENSTEIN, C.J., and SPINDEN and SMART, JJ.

SMART, Judge.

In this case, a landlord claims his tenant did not present sufficient evidence to prove that the landlord negligently caused a fire in a mobile home occupied by the tenant. William V. Welch, defendant, appeals from the trial court's judgment and award of damages to Cathy Shannon, plaintiff, in the amount of $8,750.00 for property damage incurred from the fire.

Judgment is affirmed.

Bill Welch rented a mobile home to Cathy Shannon in Parnell, Missouri. On December 10, 1991, Ms. Shannon moved into the mobile home with her four children, ages 14, 11, 7 and 3. She testified that there was no water in the mobile home the night she moved in and that she called the City of Parnell to have the water hooked up. Even after the water was turned on, Ms. Shannon had problems with the water running either warm from both the cold and hot faucets or running cold from both faucets. Ms. Shannon called Mr. Welch to alert him of the water problem. After learning of plaintiff's problem, Mr. Welch took it upon himself to try and fix it. The water heater for the mobile home was located within the framework of the mobile home, situated in its own compartment accessible from the outside by way of an access door. Mr. Welch tinkered daily with the water heater for about a week, each time removing the access door when he began his work and replacing the access door when he was finished.

Ms. Shannon testified that on the day of the fire Mr. Welch told her about a loose wire of some type on the water heater. She testified that he admitted that he did not know what it was for but that he would see what he could do with it. He added that if his further attempts at fixing the water heater ended in futility he would have someone else come the next day to fix the water heater. Defendant's testimony at trial conflicted with plaintiff's. He testified that all he had done to the water heater was light the pilot light, turn the burner on, turn the thermostat up on the heater and remove the heat tapes which kept the pipes from freezing.

On the day of the fire, Mr. Welch was at the mobile home until around 5:35 p.m. Plaintiff left for work at approximately 4:30 p.m. At about 6:20 p.m., plaintiff's oldest son observed smoke coming through the walls in the bathroom and he ran two blocks to where his mother worked to alert her of the fire. When Ms. Shannon reached the mobile home, she removed her other children from the back bedroom of the mobile home. The volunteer fire team from the area arrived shortly thereafter and put the fire out after it had burned a large portion of the trailer.

After the fire was extinguished, plaintiff reentered the trailer to see what she could salvage. She testified that nothing left in the mobile home was salvageable. Plaintiff opined that the value of the damaged property immediately prior to the fire was $8,750.00. The trial court, sitting without a jury, found in favor of plaintiff and against defendant in the amount $8,750.00, together with costs. Defendant Welch appeals from the trial court's judgment.

### Sufficiency of the Evidence

In his first three points on appeal, Defendant Welch contends that the trial court erred in rendering judgment for plaintiff because there was no substantial evidence to support the judgment and the judgment was against the weight of the evidence. Specifically, defendant argues that plaintiff did not prove her case under plaintiff's pleaded res ipsa loquitur theory because (1) the fire was the type of harm that might occur in the absence of negligence by defendant, and (2) the water heater was not under the management and control of defendant. He also challenges the amount of damages awarded, contending that the evidence did not support the amount of $8,750.00.

An appellate court must affirm the judgment of the trial court unless there

is no substantial evidence to support it, the judgment is against the weight of the evidence or the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). All facts and reasonable inferences are viewed in the light most favorable to the judgment and the judgment is to be upheld under any reasonable theory presented and supported by the evidence. *Ludlow v. Ahrens*, 812 S.W.2d 245, 248 (Mo.App.1991). The trial court sits in the best position to determine witness credibility and the trial court is free to believe or disbelieve any witness' testimony, even if not contradicted. *Long v. Zirkle*, 811 S.W.2d 840, 842 (Mo.App.1991).

### Res Ipsa Loquitur

■ The doctrine of res ipsa loquitur allows the fact finder to infer negligence, without proof of specific acts of negligence, when: (1) the incident resulting in injury is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the instrumentality causing injury is under the management and control of defendant; and (3) defendant possesses superior knowledge or means of information as to the cause of the occurrence. *Bass v. Nooney Co.*, 646 S.W.2d 765, 768 (Mo. banc 1983). Missouri law describes the res ipsa loquitur doctrine as a rule of evidence enabling one to plead and prove negligence by circumstantial evidence. *Bonnot v. Jefferson City*, 791 S.W.2d 766, 768–69 (Mo.App.1990). Although plaintiff is not required to disprove all other possible theories of causation, plaintiff is required to show that it is more probable than not that the damage was caused by defendant's negligence. *Marshall Interiors, Inc. v. Y.M.C.A. of Greater St. Louis*, 787 S.W.2d 329, 331–32 (Mo.App.1990).

■ Defendant Welch suggests that plaintiff should not have been allowed to submit her case under a res ipsa loquitur theory. Essentially, defendant challenges the sufficiency of the evidence presented to support the first two elements of a res ipsa theory. First, defendant contends that a mobile home fire is not necessarily the type of incident which would ordinarily occur only as a result of negligence. Defendant is correct in his contention and, in fact, Missouri law provides that, generally, damage cases resulting from a fire require proof of specific negligence and are not properly submitted under a res ipsa loquitur theory. *See Wadlow v. Donald Lindner Homes, Inc.*, 654 S.W.2d 644, 648 (Mo. App.1983). Missouri cases hold that the mere occurrence of a fire does not raise a presumption of negligence. *Wadlow v. Lindner Homes, Inc.*, 722 S.W.2d 621, 625 (Mo.App.1986). However, a case involving injuries resulting from a fire may properly be submitted under the res ipsa theory if attendant circumstances exist. *Plato Reorganized School Dist. v. Intercounty Elec. Coop. Ass'n*, 425 S.W.2d 914, 916 (Mo.1968). In *Plato*, the Missouri Supreme Court held that a school district's petition against a contractor for damages resulting from a fire which occurred 11 days after contractor installed equipment was sufficient to state a claim and did not preclude application of res ipsa loquitur.

■ We believe attendant circumstances existed here rendering the application of the res ipsa loquitur doctrine appropriate in this case. Although a fire can start without an act of negligence, the evidence presented in this case was sufficient to support the allegation that the fire was caused by defendant's negligence. Plaintiff had experienced problems with the water heater from the first day that she moved into the mobile home. Defendant tinkered with the water heater on a daily basis for the week plaintiff lived in the mobile home. During that time, defendant had no luck in resolving the problem. Plaintiff did not specifically know what defendant tried to do in his attempt to repair the water heater. However, on the day of the fire, plaintiff testified that defendant informed her of a loose wire on the heater and further told her that if his last attempts were unsuccessful, he would hire someone to fix the problem. The evidence further reveals that defendant was the last person to have contact with the heater and that the fire started approximately an hour after defendant left the mobile home. Based upon all

the facts and circumstances presented in this case, we hold that substantial evidence was presented to establish the first essential element for the application of the res ipsa loquitur doctrine.

■ Next, defendant contends that the water heater was not under the management and control of defendant and thus, res ipsa loquitur was not the proper way for plaintiff to plead and prove negligence. Under the res ipsa theory, a plaintiff is no longer required to show the defendant had "exclusive" control over the instrumentality causing the injury. *Niman v. Plaza House, Inc.*, 471 S.W.2d 207, 209–10 (Mo. banc 1971). In *Niman*, the court held that a landlord retained "control" of heating radiators in his tenants' apartments. In fact, the Missouri Supreme Court in *Niman* discussed the confusion about the nature of the control element, stating: "It would be far better, and much confusion would be avoided, if the idea of control were discarded altogether, and we were to say merely that the apparent cause of the accident must be such that the defendant would be responsible for any negligence connected with it." *Id.* at 210. The control element has been held to exist in similar landlord-tenant situations. *See Niman*, 471 S.W.2d at 211; *McGowen v. Tri–County Gas Co.*, 483 S.W.2d 1 (Mo.1972).

The evidence reveals in this case that defendant maintained management and control over the water heater and access area to the water heater where the trial court found the fire originated.[1] Defendant was the owner of the mobile home and rented it to plaintiff. Over the course of the week that plaintiff resided in the mobile home, defendant was the sole person who worked on the water heater and who entered the water heater area, which was a separate compartment accessed from outside the mobile home. Defendant conceded at trial that it was his job, as landlord of the mobile home, to see that his tenant had

operating hot and cold water in the mobile home. Defendant told plaintiff that if he could not fix the heater he would hire someone who could. At no time during this week did defendant relinquish his control over the water heater or his responsibility to see that it was fixed. Thus, we conclude that the evidence presented in this case clearly establishes that defendant maintained management and control over the water heater area in the trailer where plaintiff resided.

Defendant does not challenge the evidence to support the third requirement of the res ipsa loquitur doctrine, which requires that defendant possess superior knowledge of the instrumentality causing injury. The evidence shows that defendant possessed superior knowledge of the water heater and the compartment housing the water heater. Plaintiff presented sufficient evidence to prove all the elements required for her to submit her case under the doctrine of res ipsa loquitur. Thus, the trial court did not err in granting judgment for plaintiff. Defendant's Points I, I and III are denied.

### Evidence of Damages

■ In defendant's fourth point on appeal he argues that the trial court erred in granting judgment for plaintiff in the amount of $8,750.00 because $1,500.00 of the award represented compensation for lost jewelry when no credible evidence was presented that jewelry had been destroyed and no remnants of jewelry were found.

Plaintiff testified that the jewelry was kept in the back bedroom and that the back bedroom sustained no fire damage, only smoke damage. Thus, the jewelry could not have been destroyed by the fire. Plaintiff's claim of loss must therefore be regarded with some suspicion. However, the trial judge believed plaintiff's testimony as to the existence and disappearance of the

1. Plaintiff presented the testimony of two fire fighters who participated in extinguishing the fire in this case, one being the fire chief, who testified that the fire originated in the area of the water heater. Defendant presented one witness who investigated the trailer two months after the fire who testified that the fire started several feet away from the water heater area. The trial court rejected the testimony of defendant's witness and believed the testimony of plaintiff's witnesses, which it was free to do.

jewelry. The only logical explanation as to what happened to the jewelry, if plaintiff is believed, is that someone took the jewelry. The trial judge could have reasonably concluded that some person at the scene of the fire took the jewelry box and the jewelry. Plaintiff testified that two men at the bar where she worked followed her to her house after they heard about the fire, ostensibly in order to help plaintiff. In view of the lack of security which resulted from the fire, it could not be said to be an abnormal occurrence for items of jewelry to be wrongfully appropriated.

Generally, damages resulting directly from the defendant's wrongful act are recoverable by plaintiff as long as they are not too remote to be traceable to defendant's wrongful act and do not result from a cause of independent origin. *Berry v. Kansas City Pub. Serv. Co.*, 341 Mo. 658, 108 S.W.2d 98, 107 (1937); *see also* Prosser and Keeton, The Law of Torts § 44, at 301–10 (1984). When a fire occurs in a residence, various people may have unrestricted and unsupervised access to the residence. It is not outside the realm of the ordinary occurrences of life that as a result of a residence fire, certain items disappear with no apparent explanation. We conclude that the $1,500.00 awarded by the trial judge for jewelry was not too remote to be traceable to defendant's negligent act. Thus, the trial court did not err in including $1,500.00 in plaintiff's award for the missing jewelry. Point IV is denied.

Judgment is affirmed.

All concur.